## TOBIAS *et al.* v. LISBERGER.

*(Supreme Court, General Term, First Department.   July 9, 1889.)*

CONTRACT—PERFORMANCE—WAIVER.

  A contract was made on February 2, 1881, for the sale of rails for prompt shipment by sail from Europe to be delivered in New York. Next day the rails were laden on ship-board in Germany, but, the harbor being frozen, the ship did not sail until April 3d, and reached New York on May 25th in the ordinary time of transit. On March 1st the vendors notified the vendee of the shipment, who next day requested the name of the vessel and date of sailing, and the vendors, on March 3d, replied that they could give no further information than they had done, except to give the name of the ship. On March 19th they informed the vendee that the date of shipment was February 3, 1881, but that they had no date of the vessel's sailing. On May 4th they wrote to the vendee that the vessel sailed on April 3d. No further correspondence was had until May 25th, when they notified the vendee of the arrival of the rails, who, on June 14th, refused to receive them because they were not shipped as per contract. On June 15th the vendors notified the vendee that they would sell the rails on his account. *Held* that, in an action to recover a deficiency in the purchase price after a sale made, the questions whether the time and manner and place of shipment had or had not been accepted by the vendee, and with a full knowledge of the facts, and whether he had waived a strict performance of the contract, were questions for the jury, and it was error to direct a dismissal of the complaint.

Appeal from circuit court, New York county.

Action by Christian Tobias and another against Lazarus Lisberger, to recover the difference between the contract price on the sale of old iron. A

judgment was entered at circuit dismissing the complaint, and plaintiffs appeal. For opinion on former appeal, see 12 N. E. Rep. 13.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Joseph A. Shoudy*, for appellants. *William N. Cohen*, for respondent.

DANIELS, J. The action was brought to recover the difference between the contract price for the sale of about 100 tons old iron rails, for prompt shipment by sail from Europe, and the amount realized from the sale of the rails after their arrival at the city of New York, where, by the agreement, they were to be received by the defendant. The contract was made on the 2d of February, 1881, and the rails were laden on ship-board at Stettin, in Germany, on or about the 3d of February, 1881. The harbor of Stettin at that time was frozen, and the ship was unable to proceed to sea until the 3d of April, when the ice broke up, and she commenced her voyage. The winter was an unusually severe one, and extended the detention from ice beyond that which otherwise would have taken place. The vessel arrived at the city of New York on the 25th of May, 1881, the ordinary voyage from the port of shipment to that city being 50 or 60 days. On the 1st of March, 1881, the plaintiffs informed the defendant of the shipment of the rails from Stettin. They were requested by him on the 2d of March, 1881, to supply him with the name of the vessel and the date of sailing, and they replied, on the 3d of March, that they could give no further information than they had done, except that they added that the ship was the German bark Ferdinand Brunn, from Stettin. On the 19th of the month the plaintiffs informed the defendant that the date of shipment was the 3d of February, 1881, but they had no date of the vessel's sailing. On the 4th of May, 1881, they notified the defendant by letter that the vessel had sailed from Stettin on the 3d of April for New York. No further correspondence appears to have taken place until the 25th of May, when they notified the defendant of the arrival of the ship, requesting him to attend to the receipt of the rails promptly at the foot of Conover street, Brooklyn. The defendant replied, on the 14th of June, 1881, declining to receive the rails because they had not been shipped as per contract, and on the 15th of the same month he was notified by the plaintiffs that they would proceed to sell the rails on his account, and the sale was afterwards made, leaving the deficiency in the purchase price, which the plaintiffs claimed to recover in the action. Upon a second trial of the action a verdict was directed for this deficiency in favor of the plaintiffs, and that was affirmed on appeal by the general term.[1] The case was then appealed to the court of appeals, where the judgment was reversed, and a new trial ordered;[2] and the trial resulting in the judgment from which the appeal has been taken was had under this direction of the court of appeals, and it has now been alleged as an error on the part of the court to direct a dismissal of the complaint, instead of submitting the case to the jury.

Through all the correspondence until the final refusal to receive the rails after their arrival no objection had been made by the defendant to their shipment from the port of Stettin, nor to the intervening delay between that and their arrival in the city of New York. On the 4th of May he was informed that the vessel had sailed only on the 3d of the preceding month of April, and no objection or disaffirmance of the contract of sale was in any form made by him until the 14th of June, about three weeks after he was informed of the arrival of the ship. Upon this state of facts there was certainly room for the inference, even if it should not be deduced by the court as a matter of law, that the defendant assented to or acquiesced in the delay which had taken place, and remained willing to receive the rails, as a performance of the contract, up to the time of their arrival in the city of New York, and that by

reason of some event arising subsequent to that time, and before the letter of the 14th of June, he concluded to take advantage of the delay, not before made the subject of any objection whatever, and on that account then refused to accept the iron, and that it does not seem to have been the design of the court, in the last decision of the case, absolutely to justify him in so doing. *Tobias* v. *Lissberger*, 105 N. Y. 404, 12 N. E. Rep. 13. The decision, on the contrary, proceeded upon the argument that the court itself could not hold the defendant to be bound to receive and pay for the iron after it had arrived in the city of New York, leaving a plain inference that the case was one to be submitted to and decided by the jury, and the conclusion of the opinion clearly expresses this design; for it has been added that "the time and manner and place of shipment might, indeed, have been accepted by the defendant as in compliance with the contract, and whether it was or not, and whether, with full knowledge of the facts, there was on his part a waiver of the strict performance of the condition on the plaintiffs' part, were questions for the jury. The trial court therefore erred in directing a verdict for the plaintiffs." 105 N. Y. 414, 415, 12 N. E. Rep. 17.

This final and concluding part of the opinion expresses a clear recognition of the plaintiffs' right to have the case submitted to the jury, leaving them, as they should consider themselves justified by the facts, to determine and decide whether, notwithstanding the delay in the sailing of the vessel, the defendant had waived the objection which he otherwise might have made but did not, and acquiesced in such delay with the design and intention on his part to accept and receive the iron upon its arrival. The judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event.

VAN BRUNT, P. J., concurs.