## STRAIN & SWINBURN v. THE PAULEY JAIL BUILDING AND MANUFACTURING COMPANY.

### No. 6793.

1. **New Contract—Waiver—Practice.**—Appellee contracted to make and furnish to appellants, contractors, the iron work and cells to be placed in the Greer County jail then being erected by appellants, at price of $3100, to be paid on completion of the contract for building the jail. The contractors were to be paid in Greer County bonds. Prior to the delivery and after the jail building had been ready for the iron work, etc., the appellee shipped the iron work to the depot nearest the court house of Greer County to be held until satisfactory arrangements should be made for securing the purchase money. Appellee had become doubtful about the value of the Greer County bonds to be received by the appellants. After negotiations touching alone the mode of payment it was agreed that appellants pay $1800 cash and execute their note for $1300. This was done and the iron work delivered. Suit upon this note. Defendants pleaded loss in hire of workmen during the delay and in loss of interest upon the county bonds. There was testimony to these defenses. *Held:*

1. Error for the court to instruct the jury that "the contractors having accepted the jail cells, etc., contracted for as they were delivered, and at the time of the delivery having paid a part of the purchase price and given the note sued on for the balance thereof, such acts constituted an acceptance of the performance of the contract and a

waiver of damages to defendant for failure by plaintiffs to deliver," etc., as originally agreed upon.

2. It would have been proper to permit appellee to allege and prove that appellants and it had accounted together and made a settlement of all matters involved between them, and that the note sued upon was for a balance agreed upon as due. Such issue would be for the jury.

3. The execution of the note of itself was not evidence of a compromise or settlement between the parties at its date, nor had the fact of making the note for balance due on price, etc., any necessary operation upon defendants' claim for damages upon the original contract.

2. **Pleading — Answers Sufficient. —** In defense against the note sued on (as above) the defendants further pleaded that it was executed under duress, in that the contractors were under bond for the speedy completion of the jail building and could get the iron cells, etc., from no other person; also that the plaintiff in its communications with the Commissioners Court of Greer County had questioned their financial ability, on which account they were pressed in the work by the county to their damage, etc. Also that by the agitation of the status of the Greer County bonds defendants had lost an opportunity to invest the bonds in school lands, etc. *Held*, the court's action in overruling exceptions to these defenses was proper.

3. **Pleading—Failure of Consideration.—**A plea of failure in part of consideration of a note sued on should be pleaded under oath. It may be pleaded by amendment, not by supplemental answer.

APPEAL from Wilbarger. Tried below before Hon. P. M. Stine. The opinion states the case.

*J. P. Orr, Charles Wheeler, L. C. Barrett,* and *Frank P. McGhee,* for appellants.—1. Duress of goods, of business reputations, and contracts extorted and moneys paid out to avoid disastrous civil suits on contractors' bonds, when brought about designedly by the party exercising such coercion, will avoid a contract and note in hands of payee that has by stress of circumstances compelled the maker to give it to save his business credit and friends on a larger bond. Obert v. Landa, 2 Texas Law Review, pp. 18, 21; Allen v. Schiff, 17 Pac. Rep., pp. 21–34; Vyne v. Glenn, 41 Mich., 112; Cool. on Torts, p. 507.

2. Courts will redress injury to business standing done for sinister purposes by one holding advantage of another. Cool. on Torts, pp. 193, 202, 203.

3. A party holding an interest in an enterprise or business venture will be held liable for all loss proximately growing out of and occasioned by his conduct when he might easily know the disastrous results to the injured party by his adverse conduct and actions.

The answer shows that the plaintiffs and defendants worked together to get the job; that the United States was about afterward to assert title to Greer County; that the bonds were on this account unmarketable; that an avenue of escape was offered by sale of school lands, taking the bonds in payment; that plaintiffs so alarmed the Commissioners Court that no sale of land was made and that defendants had to pay higher

for the lands on this account. Scalf v. Tompkins, 61 Texas, 476; Goodhue v. Meyers & Co., 58 Texas, 405–409; Sterrett v. City of Houston, 14 Texas, 153; Walcott v. Hendrick, 6 Texas, 406, 420; Bliss on Code Pleadings, sec. 374.

4. When delay is knowingly occasioned to a contractor, loss of time of the contractor is as much a legitimate item of damage as that of hired help. Strain & Swinburn v. Railway, from Wilbarger County, Ct. App. C. C., not reported; Field on Dam.

5. In the hands of plaintiff the note is subject to such counter-claims as arise out of or are incident to the consideration of the note, and taking advantage of defendants being under heavy bond will not allow plaintiffs to set up waiver of damages for nonperformance of undertaking on part of plaintiffs growing out of and incident to the subject matter of the consideration of the note. Lee v. Wilkins, 1 Posey's U. C., 287; Scalf v. Tompkins, 61 Texas, 476; Goodhue v. Meyers & Co., 58 Texas, 407; Scott v. Hogan, 34 N. W. Rep., 444.

6. Charge of court should not assume facts to be proved, but should submit the question of their proof to the jury. The question of waiver is not one of law but one of fact. Lee v. Wilkins, 1 Posey's U. C., 287.

*Evans & Gooch*, for appellee.—1. If the parties to a contract agree to rescind it and substitute a new contract, and afterward one of the parties fail to perform, the cause of action is on the new contract and not the old one. Hughes v. Pruitt, 5 Texas, 264; Hertzberg v. Beisenbach, 64 Texas, 262; Self v. King, 28 Texas, 552; Hughes v. Sandal, 25 Texas, 162; Lane v. Scott, 57 Texas, 367; 1 Benj. on Sales, p. 229, sec. 215; Id., p. 234.

2. A new agreement, after breach and tender under such new agreement, is a defense to an action upon the contract settled or superseded by such new agreement. Short v. Abernathy, 42 Texas, 94.

3. The appellant's second amended original answer, filed June 11, 1888, was not sworn to, and as a plea of failure of consideration it was not good on special exception.

HENRY, ASSOCIATE JUSTICE.—In the summer of 1887 appellants contracted with Greer County to build for it a jail, to be completed by the 1st day of December, 1887, in consideration of $11,000 in the 8 per cent bonds of said county, to be delivered to appellants when said improvements should be completed according to contract and accepted by the county. It was stipulated between said contracting parties that the iron work and cells for the jail should be procured from the appellee. On the 26th day of October, 1887, appellee and appellants entered into a written contract with each other, whereby the appellee agreed to manufacture and erect in said jail building two cells finished

and ready for occupancy, the wages and expenses of the experts and laborers engaged in placing said cells in the building being paid by appellants. It was also provided by said agreement that appellee should be paid by appellants the sum of $3100 for said cells and other material to be furnished by appellee for the building, and that all charges for transporting the same should be paid by appellants; that said sum of $3100 should be paid upon the completion of said work; that the cells should be furnished as soon as possible after the date of the contract "taking full notice of the fire in the factory of the party of the first part" (appellee). The evidence shows that by the 1st day of December, 1887, the brick work was completed and the building ready to receive the iron cages that were to be furnished by the appellee. The work to be furnished by appellee was completed and ready for delivery by the 1st day of February, 1888, but at that time the controversy between this State and the United States over Greer County had engaged public attention by reason of some action taken by the United States Government, and appellee shipped the work to the railroad terminus nearest to the county seat of Greer County to an agent of its own, with directions for the same to be held for the benefit of appellee pending further negotiations. Appellee claimed through correspondence had by.it with the representative of Greer County and its own agent, as well as in its communications with appellants, that it apprehended that the political relations and dispute between the State and the General Government would destroy the market value of the bonds that appellants were receiving for their work .and deprive them of the ability to perform their undertaking to appellee, and that they had already failed to make promised payments, on which account appellee declared its purpose not to deliver said work to appellants until they paid or secured to it the contract price, and accordingly it did so refuse. Negotiations exclusively with regard to the delivery of the work to be furnished by appellee and the payment of the contract price therefor by appellants were in progress until the 20th day of February, 1888, when they were terminated by an agreement, and its performance by both parties, that appellants would pay appellee $1800 in money and execute to it their promissory note for $1300 and that appellee would deliver said.work.

Appellee instituted this suit to collect said note.

The defendants answered, giving a history of the aforesaid transactions, and pleaded in set off counter-claims for loss of hired help kept waiting and unemployed by reason of plaintiff's delay in delivering the iron cages, and that the county had refused to allow them the interest on said bonds for a time for the same cause.

The court overruled exceptions to the answer setting up said defenses, and sustained them as to other matters pleaded in the answer.

The defendants introduced evidence tending to prove their pleadings as sustained by the court. The court, however, charged the jury as follows:

"The defendant having accepted the jail cells and other articles contracted for as they were delivered, and at the time of delivery having paid a part of the purchase price and given the note sued upon for the balance thereof, such acts constituted an acceptance of the performance of the contract by plaintiff and a waiver of damages that may have accrued to defendants for any failure to perform said contract at the time originally contracted for, and you are therefore instructed to find for the plaintiff the amount of principal, interest, and attorney fees, as expressed in the note sued upon."

The court, having held the counter-claims above referred to to be well pleaded, and having admitted evidence tending to support them to go to the jury, by giving the above charge, held as matter of law that the payment of money and execution of the note subsequent to the accrual of the claims of the defendants precluded the granting of any relief to them thereon. No such conclusive effect can be given to such a transaction. It would have been proper to have permitted plaintiff to allege and prove that there had been an accounting and settlement between the parties of all matters involved between them, and that the note sued upon was executed in consideration of the balance agreed to be due. Such an issue would be for the jury and not the judge to decide.

In the case of Lee v. Wilkins, 1 Posey's Unreported Cases, 301, an attachment had been sued out and levied, after which the defendant settled plaintiff's debt partly with money and partly with his promissory note. Suit was brought upon the note and the defendant set up as a counter-claim damages caused by the attachment. In the opinion of the Commission of Appeals it is said: "It was a question of fact whether there had been a settlement or compromise. It was proper that the fact should be submitted to the jury. That the note on its face was not a release of damages was properly enough told to the jury if it had been so given. But that the giving of the note sued on and the payment of the $600 by the defendants, under the facts in evidence, was or not a release, or whether the transaction was a settlement, was a question of fact, and a most material issue."

The reply to the objection made in the brief of counsel for appellee, that "when the parties to a contract agree to rescind it and substitute a new contract and afterward one of them fails to perform, the cause of action is on the old and not the new contract, and that a new agreement, after a breach, and tender under such new agreement, is a defense to an action upon the original agreement," fails to meet the real issue. These propositions are correct enough when in point and apply

to plaintiff's cause of action in this suit, which is upon the new and not upon the original cause of action.

But the rescinding of the original agreement about the cells to be furnished by plaintiff and the substitution of a new agreement about paying for them has no necessary operation upon defendant's claims for damages, and if it could be said that there was any evidence introduced showing that these claims were included in the new agreement, still the error would not be removed from the charge that decided the issue instead of submitting it to the jury.

As the judgment must be reversed, we deem it unnecessary to consider in detail every issue raised by the assignment of errors.

We find no objection to the action of the court in sustaining exceptions to the answer.

The plea of failure of consideration on account of the failure of appellee to furnish window blinds should have been sustained if it had been presented as an amended answer properly verified. Under the statute the pleading was not sufficient without being sworn to, and under the rules of practice it was not properly pleaded in a supplemental answer. Exceptions were correctly sustained to it in each instance.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered April 28, 1891.