# SUNSHINE CLOAK & SUIT COMPANY v. ROQUETTE BROTHERS.

### (152 N. W. 359.)

**Contracts — time — essence of — must be so expressed.**

1. Time is never considered as of the essence of a contract unless by its terms expressly so provided.

**Contracts — time of performance — conditions precedent — intention of parties — time — essence of.**

2. In determining whether stipulations as to the time of performing a contract of sale are conditions precedent, the court seeks simply to ascertain what the parties really intended, and if time appears, on a fair consideration of the language and the circumstances, to be of the essence of the contract, stipulations in regard to it will be held conditions precedent.

**Sale and delivery of merchandise — contract for — time of shipment — repudiation.**

3. In a contract for the sale and delivery of merchandise, a statement as to the time of shipment is ordinarily regarded as a condition precedent, upon the failure or nonperformance of which the party aggrieved may repudiate the whole contract.

**Condition precedent — right dependent thereon.**

4. A condition precedent is one which is to be performed before some right dependent thereon accrues or some act dependent thereon is performed.

**Contracts — obligations — fulfilment — performance.**

5. Before any party to an obligation can require another party to perform any act under it, he must fulfil all conditions precedent thereto imposed upon himself.

**Executory contract — time essence of — sale of goods — future delivery — title.**

6. Time is usually of the essence of an executory contract for the sale and subsequent delivery of goods, where no right of property in the same passes by the bargain from the vendor to the purchaser.

**Purchaser of goods — future delivery — specific time — acceptance — refusal.**

7. A purchaser of goods to be shipped by August 15th is justified in refusing them if shipment is not made until on the 28th of September.

**Goods sold and delivered — action for — acceptance.**

8. Shipment made on September 28th of goods bought for shipment by August 15th is not, where the buyer refuses to accept them, such a delivery to him as will sustain an action for goods sold and delivered.

**Acceptance refused — not timely delivered — goods returned — reasons assigned — immaterial.**

9. Where the purchaser refused to accept the goods and immediately returned them to the seller, the mere fact that the purchaser wrote a letter stating that he could not take the goods owing to certain local conditions affecting the purchaser's business does not, as a matter of law, constitute a waiver of the condition as to the time of shipment.

**Repudiation — reasons assigned — waiver of terms — circumstances — for jury.**

10. The writing of such letter is only a circumstance, which may be considered by the jury in determining the questions as to the terms of the contract, and whether there was a waiver on the part of the purchaser of the delay in making shipment.

Opinion filed March 24, 1915.

From a judgment and an order denying an alternative motion for judgment notwithstanding the verdict, or for a new trial of the District Court of Stark County, *W. C. Crawford,* J., plaintiff appeals.

Affirmed.

*Thomas H. Pugh,* for appellant.

No rescission of a contract can be had unless ground therefor exists and is pleaded, and proved upon the trial. This is a question of law, and not one for the jury. Rev. Codes 1905, §§ 5378–5380; Comp. Laws 1913, §§ 5934–5936; American Case & Register Co. v. Walton & D. Co. 22 N. D. 188, 133 N. W. 309; Dowagiac Mfg. Co. v. Higinbotham, 15 S. D. 547, 91 N. W. 330; 10 Current Law, 1561; Annis v. Burnham, 15 N. D. 577, 108 N. W. 549; Sonnesyn v. Akin, 14 N. D. 248, 104 N. W. 1026.

The defendants not having put their attempted rescission upon the ground that the goods were not timely delivered, but expressly upon other grounds, have waived their right to reject the goods on the ground that they were not delivered in time. Littlejohn v. Shaw, 159 N. Y. 189, 53 N. E. 810.

Time is never of the essence of a contract unless so expressly stated in the contract. Fargusson v. Talcott, 7 N. D. 183, 73 N. W. 207; Rev. Codes 1905, § 5362; Comp. Laws 1913, § 5918; Miller v. Cox, 96 Cal. 339, 31 Pac. 161; Strunk v. Smith, 8 S. D. 407, 66 N. W. 926; Puls v. Casey, 18 Okla. 142, 92 Pac. 388; Snyder v. Rosenbaum, 215 U. S. 261, 54 L. ed. 186, 30 Sup. Ct. Rep. 73.

*H. J. Blanchard* and *W. F. Burnett,* for respondents.

The failure of defendants to say anything about the goods not having been delivered in time, in their letters to plaintiff, is immaterial, and is not a waiver on their part of the time of delivery. Canajoharie Nat. Bank v. Diefendorf, 123 N. Y. 191, 10 L.R.A. 676, 25 N. E. 402; Arons v. Cummings, 31 L.R.A.(N.S.) 942, and note, 107 Me. 19, 78 Atl. 98; Bamberger Bros. v. Burrows, 145 Iowa, 441, 124 N. W. 333; Fountain City Drill Co. v. Lindquist, 22 S. D. 7, 114 N. W. 1098; Jones v. United States, 96 U. S. 24, 24 L. ed. 644; 35 Cyc. 175.

Time as of the essence of a contract for the sale of goods to be delivered on a future date named, and performance by the seller according to the terms of such a contract is a condition precedent to his right of recovery. Tascott v. Rosenthal, 10 Ill. App. 639; Bamberger .Bros. v. Burrows, 145 Iowa, 441, 124 N. W. 333; Peninsula Produce Exch. v. Scott, 53 Pa. Super Ct. 625; Fountain City Drill Co. v. Lindquist, 22 S. D. 7, 114 N. W. 1098; Cleveland Rolling Mill Co. v. Rhodes, 121 U. S. 255, 30 L. ed. 920, 7 Sup. Ct. Rep. 882; Jones v. United States, 96 U. S. 24, 24 L. ed. 644.

Where a specified time for delivery is agreed upon, the presumption of law is that time is of the essence of the contract. Cleveland Rolling Mill Co. v. Rhodes, 121 U. S. 255, 30 L. ed. 920, 7 Sup. Ct. Rep. 882; Jones v. United States, 96 U. S. 24, 24 L. ed. 644; Fountain City Drill Co. v. Lindquist, 22 S. D. 7, 114 N. W. 1098.

CHRISTIANSON, J.   The plaintiff brought this action in the district court of Stark county to recover of defendants the sum of $173.25. The complaint alleges that on the 24th day of March, 1911, the defendants purchased of the plaintiff certain ladies' cloaks and coats to be manufactured by the plaintiff, and to be delivered to the defendants in the fall of 1911, and that the agreed and reasonable price of said cloaks and coats was the sum of $173.25, which the defendants agreed to pay to plaintiff on the delivery of said property; that thereafter the plaintiff manufactured said cloaks and coats and delivered the same to the defendants on September 28, 1911, and that the defendants have not paid for the same or any part thereof. The defendants answered, setting forth, among other things, that the goods mentioned in the complaint were not delivered to the defendants in accordance with the

30 N. D.—10.

contract between the parties thereto; that the said goods were ordered for the fall trade of the year 1911, that the plaintiff undertook and agreed to deliver the said goods for the said fall trade; that in consequence of the negligence of the plaintiff the said goods were delivered to the defendants too late for the business for which the said goods were ordered; and that upon receipt of said goods, defendants immediately returned the same to plaintiff, who accepted and still retains the said goods. The case was tried to a jury. At the close of the testimony, plaintiff moved for a directed verdict. The motion was based on two main legal propositions: First, that time was not of the essence of the contract; that the precise date of shipment was not material or vital, and, that hence defendants were not relieved from the contract by plaintiff's failure to make shipment within the time prescribed by the contract, but that the remedy of the defendants was to bring an action for the damages sustained. Second, that the defendants waived the delay in shipment (1) by failing to rescind the contract with reasonable promptness, (2) by failing to assert such delay as one of the grounds for refusal to accept the goods in a letter written by defendants to the plaintiff in returning the shipment. The motion for a directed verdict was denied, the case submitted to the jury, and a verdict returned in favor of the defendants for a dismissal of the action. Judgment was entered pursuant to the verdict, on April 12, 1913. A motion for judgment notwithstanding the verdict or for a new trial was thereafter made by the plaintiff, and an order entered on November 14, 1913, denying the same, and this appeal is from the judgment and the order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial.

It is established by the undisputed testimony that on March 24, 1911, one Weinstein, a traveling salesman for the plaintiff, called upon the defendants at their place of business in Dickinson in this state, and took an order for certain ladies' cloaks and coats. The order was not reduced to writing and signed by the defendants, hence its terms rested in parol. The only part of Weinstein's testimony relating to the time of delivery of the goods is as follows: "I took this order in March for the fall trade of 1911. The fall trade is where they buy fall and winter cloaks."

The testimony of the defendant Fred L. Roquette relative to this matter, including the objections offered thereto, was as follows:

I recollect the order for goods as set out by the plaintiff, but do not recollect the exact date of the order. The traveling salesman of the Sunshine Cloak & Suit Company sold these goods to me. 1 bought that class of goods myself.

Q. You may state the conversation relative to the time of shipment, if there was such a conversation.

Mr. Pugh: That is objected to as incompetent, irrelevant, and immaterial, and if established no ground for rescission of the sale.

The Court: Overruled. Exception taken.

A. My instructions to all orders the same as this was August 15th, and *I stated to the representative of the Sunshine Cloak & Suit Company I wanted these goods shipped by August 15th. These goods were ordered for the fall trade.* We buy considerable of this class of goods. There is a distinction as to the time of the year when the goods for certain seasons are being shipped. Shipment for the season of fall and winter goods are usually made anywhere from July 15th to September 1st. It is not customary on regular orders of this kind where they are not special orders to ship later than September 15th in this community. . . . The order was received too late for the fall trade. These goods were received by me about October 10th or 11th. They were returned immediately. I think they were returned that same evening or the next morning. The goods were brought down to my store. I did not know before I opened the parcel or box what they were; there were no identification marks on the case. Immediately on discovering what was in the box I put the cover back on and called the dray and returned them. I immediately notified them of the return of the goods. I think I wrote them a letter and inclosed a copy of the bill of lading.

No other objection (except the one stated above) was made to any part of this testimony, nor was any motion made to strike it out.

The testimony on the part of the plaintiff further shows that the goods in question were shipped by the plaintiff on September 28, 1911, by freight to Dickinson, and that it would take from ten to twelve days, or sometimes a month, for such goods to reach their destination. Plain-

tiff's witnesses also testified that on October 17th, they received the following letter from the defendants:

Dickinson, N. D. 10/13–1911.

Sunshine Cloak & Suit Co.,
                    Toledo, Ohio.
Gentlemen:–

Inclose please find Exp bill of a case of coats which we are returning, we have no bill nor duplicate of order. We cannot use the goods on acct of the crop conditions are very poor. I am sorry to be obliged to return this or any goods. I should have advised you had we had a duplicate.

Yours very truly,<br>Roquette Bros.

While several errors are assigned, still the only one seriously urged by the appellant, and worthy of consideration on this appeal, is the denial of the motion for a directed verdict. Incidentally, however, appellant alleges error in the admission of the testimony of the defendant Fred L. Roquette over the objection made thereto. It is obvious that the testimony was not subject to objection upon any of the grounds mentioned in the objection. It is conceded that the bargain for the goods in question rested in parol. The testimony called for, by the question objected to, merely called for the conversation containing the terms of that bargain. We are entirely satisfied that it was not objectionable upon any of the grounds specified, and that the trial court committed no error in overruling the objection interposed.

(1) It is doubtless true, as appellant contends, that time is never considered as of the essence of a contract, unless by its terms it is expressly so provided. In fact this is a statutory provision in this state. Comp. Laws 1913, § 5918. And if no time is specified for the performance of an act required to be performed, a reasonable time is allowed. But if the act is in its nature capable of being done instantly, as for example if it consists in the payment of money only, it must be performed immediately upon the thing to be done being exactly ascertained. Comp. Laws 1913, § 5917.

(2–3) But, although it is true that time is never considered as of

the essence of the contract, unless it is so provided by the terms thereof, still it is not necessary to declare in so many words "that time is of the essence of the contract," but it is sufficient if it appears that it was the intention of the parties thereto that time should be of the essence thereof.   The rule is stated in Benjamin on Sales as follows: "In determining whether stipulations as to the *time* of performing a contract of sale are conditions precedent, the court seeks simply to discover what the parties really intended, and if time appear, on a fair consideration of the language and the circumstances, to be of the essence of the contract, stipulations in regard to it will be held conditions precedent." Benjamin, Sales, 6th ed. § 539.   See also 9 Cyc. 604.   In the case of Standard Lumber Co. v. Miller & V. Lumber Co. 21 Okla. 617, 626, 96 Pac. 761, 765, the Supreme Court of Oklahoma, in considering a provision in the Codes of that state similar to § 5918, Compiled Laws 1913, said: "It was clearly not the intention in the adoption of such a statutory provision as this to require the identical language of the statute to be inserted in a contract before time could become the essence thereof.   Code provisions have ever been adopted for the purpose of abolishing technicalities and applying substantial justice, and it necessarily follows that where it appears by the language expressed in a contract, regardless of the phraseology or the form of expression used, that it was the intention of the parties thereto that time should be the essence of the contract, that should be the construction in law.   Of course, in making a proper construction, a court will be confined to what is expressed in the contract, and will be precluded from going outside of the same and considering contemporaneous and extraneous matters."   See also Green Duck Co. v. Patterson, 36 Okla. 392, 128 Pac. 703.

South Dakota has a statute identical with § 5918, Compiled Laws of this state (see § 1267, Civ. Code, S. D. Rev. Codes 1903), and in the case of Fountain City Drill Co. v. Lindquist, 22 S. D. 7, 114 N. W. 1098, in ¶ 2 of the syllabus, it was said: "Where a contract for the sale of machinery required it to be shipped on or about February 1st in a mixed car, and it was shipped by local freight about forty days after the time specified, the burden of proving a waiver by the buyer of the terms of the contract, or legitimate excuse for its violation, was on the seller in an action by him to recover damages for the buyer's re-

fusal to accept the machinery." And in discussing contracts of this nature it was said in the opinion in that case: "In construing contracts like the one before us, stipulations to ship in a manner designated and *at a specified time* are usually treated by the courts as warranties of conditions precedent, with which the vendor must comply in order to recover damages arising from the refusal of the vendee to accept the shipment." (Citing a number of authorities, 22 S. D. 12.)

The supreme court of Iowa, in considering this question in Bamberger Bros. v. Burrows, 145 Iowa, 441, 450, 124 N. W. 333, 337, said: "In the law of sales it is a settled rule that time may be of the essence of the contract; and, when the time for delivery is fixed, it is generally so regarded. Therefore, if the seller fails to make delivery on the date so fixed, the buyer may rescind or recover damages for the seller's breach of contract." No court has spoken more clearly on this subject than the Supreme Court of the United States. In the case of Cleveland Rolling Mill Co. v. Rhodes, 121 U. S. 255, 30 L. ed. 920, 7 Sup. Ct. Rep. 882, that court said: "In a case decided upon much consideration at the last term, the general rule was stated as follows: "In the contracts of merchants, time is of the essence. The time of shipment is the usual and convenient means of fixing the probable time of arrival, with a view of providing funds to pay for the goods, or of fulfilling contracts with third persons. A statement descriptive of the subject-matter, or of some material incident *such as the time or place of shipment,* is ordinarily to be regarded as a warranty, in the sense in which that term is used in insurance and maritime law, that is to say, a condition precedent, upon the failure or nonperformance of which the party aggrieved may repudiate the whole contract.' Norrington v. Wright, 115 U. S. 188, 203, 29 L. ed. 366, 368, 6 Sup. Ct. Rep. 12. See also Filley v. Pope, 115 U. S. 213, 29 L. ed. 372, 6 Sup. Ct. Rep. 19; Pope v. Porter, 102 N. Y. 366, 7 N. E. 304; Rommel v. Wingate, 103 Mass. 327.

"When a merchant agrees to sell, and to ship to the rolling mill of the buyer, a certain number of tons of pig iron at a certain time, both the amount of iron and the time of shipment are essential terms of the agreement; the seller does not perform his agreement, by shipping part of that amount at the time appointed and the rest from time to time

afterwards; and the buyer is not bound to accept any part of the iron so shipped."

The various text writers are practically in accord, in their adherence to the doctrine as promulgated by the Supreme Court of the United States.

In 35 Cyc. 175, it is said: "If the contract specifies the time when delivery is to be made, time is of the essence of the contract, and if delivery is not made within the time agreed on, the buyer is not liable. In such case the buyer may refuse to accept the goods, or he may receive them and rely on his right to damages for the breach, unless his acceptance is under such circumstances as to constitute a waiver of the breach."

Mechem on Sales, vol. 2, §§ 810, 811, 1138, and 1139, reads as follows: Section 810. "It is clear enough that one party alone cannot ordinarily rescind the contract or force the other to rescind, unless his act is in some way authorized or acquiesced in by the other. What two at least are needed to make, one alone cannot ordinarily undo. But while one alone cannot thus usually unmake the contract, the act of one may be so treated or regarded by the other that the combined acts of both will result in a termination. Many instances will be met with hereafter wherein one party has broken or repudiated the contract on his part, and the other, at his option, may either treat that act as a breach and recover damages for it, or he may acquiesce in it as a termination of the contract and thus bring it to an end."

Section 811. "Thus, for example, if the seller has undertaken to supply goods of a certain kind, or at a certain time, or in a certain amount, or at a certain place, the buyer is not bound to receive goods of a different kind, or at a different time, or in a different amount, or at a different place. The seller's performance is here a condition precedent to the buyer's liability; and if the seller makes default in any of these particulars, the buyer may treat the contract as broken simply and claim damages for the breach, or he may treat the contract as at an end. He is not, in any event, bound to give the seller another trial, or wait while the seller experiments to see if he can perform his contract, and he may, of course, insist upon strict performance without rescinding."

Section 1138. "Where the time for the performance is thus fixed,

it is, in the language of the law, deemed usually to be 'of the essence of the contract,' and, unless waived by the other party, performance at the time stipulated is indispensable. It is not necessary that it shall be so declared in express terms; it is enough if it is a term of the contract."

Section 1139. "Obviously, therefore, unless the seller can show that he did what was incumbent upon him to do, as that he delivered, shipped, or tendered the goods at the time when such performance was due,—neither later nor earlier,—or that performance at that time was waived by the other party, he is in no situation either to enforce the contract on his own behalf or resist an action against him by the other party." ·

Williston on Sales, § 189, lays the rule down as follows: "Frequently contracts require shipment or delivery by a certain date. As it is settled that in mercantile contracts time is essential, the buyer may refuse the goods unless the delay is very trifling, whether his promise is expressly conditional on the goods having been shipped or delivered on time, or whether the stipulation in regard to time is wholly contained in the seller's promise."

(4–6) "A condition precedent is one which is to be performed before some right dependent thereon accrues or some act dependent thereon is performed." Comp. Laws 1913, § 5771.

It is clear that, if the agreement between plaintiff and defendant in this case was as testified to by Fred L. Roquette,—that the goods were to be shipped by August 15th,—that time was of the essence of the contract, and the condition as to the time of shipment was a condition precedent. Under the laws of this state, "when an obligation fixes a time for its performance an offer of performance must be made at that time within reasonable hours, and not before nor afterwards." Comp. Laws 1913, § 5805. And "before any party to an obligation can require another party to perform any act under it, he must fulfil all conditions precedent thereto imposed upon himself. . . ." Comp. Laws 1913, § 5774. And, it is equally clear that the contract involved in this action was an executory contract (Compiled Laws 1913, § 5921); and·that no right of property in the clothing passed to the defendants by the mere order or bargain between the parties, Comp. Laws 1913, §§ 5535 and 5536. And as was said by the Supreme Court of the United States in Jones v. United States, 96 U. S. 24, 30, 24

L. ed. 644, 647, "time is usually of the essence of an executory contract for the sale and subsequent delivery of goods, where no right of property in the same passes by the bargain from the vendor to the purchaser; and the rule in such a case is that the purchaser is not bound to accept and pay for the goods, unless the same are delivered or tendered on the day specified in the contract. Addison, Contr. 185; Gath v. Lees, 3 Hurlst. & C. 558; Coddington v. Palaeologo, L. R. 2 Exch. 196, 36 L. J. Exch. N. S. 73, 15 L. T. N. S. 581, 15 Week. Rep. 961. . . . Whether one promise be the consideration for another, or whether the performance, and not the mere promise, be the consideration, is to be determined by the intention and meaning of the parties, as collected from the instrument, and the application of good sense and right reason to each particular case. . . . Where an act is to be performed by the plaintiff before the accruing of the defendant's liability under his contract, the plaintiff must prove either his performance of such condition precedent, or an offer to perform it which the defendant rejected, or his readiness to fulfil the condition until the defendant discharged him from so doing, or prevented the execution of the matter which the contract required him to perform. . . .

"None will pretend that any right of property in the clothing passed to the United States by the bargain between the parties; and *the rule in such cases is that time is and will be of the essence of the contract, so long as the contract remains executory, and that the purchaser will not be bound to accept and pay for the goods, if they are not delivered or tendered on the day specified in the contract.* Addison, Contr. 6th ed. 185. . . .

"Cases arise where either party, in case of a breach of the contract, may be compensated in damages; and in such cases it is usually held that the conditions are mutual and independent; but where the conditions are dependent and of the essence of the contract, it is everywhere held that the performance of one depends on the performance of another, in which case the rule is universal that, until the prior condition is performed, the other party is not liable to an action on the contract. Addison, Contr. 6th ed. 925.

"Where time is of the essence of the contract, there can be no recovery at law in case of failure to perform within the time stipulated. Slater v. Emerson, 19 How. 224, 15 L. ed. 626.

"Additional authorities to show that a party bound to perform a con-

dition precedent cannot sue on the contract without proof that he has performed that condition is scarcely necessary, as the principle has become elementary.  Gouverneur v. Tillotson, 3 Edw. Ch. 348.

"Conditions, says Story, may be either precedent or subsequent, but a condition precedent is one which must happen before either party becomes bound by the contract.  Thus, if a person agrees to purchase a cargo of a certain ship at sea, provided the cargo proves to be of a particular quality, or provided the ship arrives before a certain time, or at a particular port, each proviso is a condition precedent to the performance of such a contract; and unless the cargo proves to be of the stipulated quality, or the ship arrives within the agreed time or at the specified port, no contract can possibly arise.  Story, Contr. 5th ed. 33."  See also 35 Cyc. 531, and 9 Cyc. 603, 643.

Many of the authorities cited by appellant are actions in equity, and in such cases a somewhat different rule applies.  The distinction is stated in Williston on Sales, § 453, as follows:  "The general rule of contracts is that a party is not excused by the other party's breach of contract unless the breach was material or essential; and in equity stipulations as to time in contracts for the sale of land are not regarded as essential.  But it has been said that 'to apply the equitable rule to mercantile contracts would be dangerous and unreasonable,' and it is well settled that as a general rule in such contracts time is of the essence."

But even in equitable actions, a stipulation in a contract making time an essential element in a contract will be recognized and enforced.

The supreme court of this state in the case of Forgusson v. Talcott, 7 N. D. 183, and 186–188, 73 N. W. 207 in considering this question said:  "The general principles which govern the decision of this case are well settled.  In equity time is not ordinarily regarded as an essential element in a contract.  But the parties may make it so by express agreement.  This was done by the terms of the contract here involved. It is true that there is an express agreement that, for failure to comply with the provisions of the contract, the defendants shall be liable in damages.  But this did not in any manner qualify the clause making time of the essence.  .  .  .  This provision need not be in any particular form, but it is usual to express it in the manner in which it was expressed in the contract in question.  After some vacillation on the

part of the English chancellors, the rule was there adopted, and it prevails in this country as well, that the parties may by their agreement make time of the essence thereof; and that in such a case a failure to comply with the terms of the contract, at the time named therein for performance, will debar the person in default from claiming any rights thereunder, even in a court of equity.   Our statute recognizes this doctrine.   Rev. Codes, §§ 3806, 3916."

(7–8) If the testimony of Fred L. Roquette was correct, and the bargain as to the time of shipment such as he claimed,—and that was a matter for the jury to determine,—then the goods in question were to be shipped by August 15th.   It is conceded that shipment was not made until September 28th, and did not reach defendants until about October 11th or 12th.   It appears that at least a part of the goods ordered were for the fall trade.   Plaintiff's own witnesses testified that it would take from ten to twelve days to a month for a shipment from Toledo, Ohio, to reach Dickinson.   Roquette testified that it was customary to have goods of this kind shipped anywhere from July 15th to September 1st.   It certainly seems reasonable to suppose that the defendants when ordering goods in March for their fall trade would insist on shipment in time to insure them the benefit of the entire selling season for fall goods,—a shipment arriving by the middle of October would hardly give them this opportunity.   We are satisfied that the agreement to ship by August 15th was a condition precedent, and that before plaintiff could insist upon performance, i. e., payment by the defendants, it must be able to prove that it had fulfilled this condition,—at least, substantially so.   It seems obvious that shipment made on September 28th was no substantial compliance with the agreement to make such shipment by August 15th.   The purchasers were clearly within their rights in refusing to accept these goods when received; and the delay on the part of the plaintiff to make shipment until September 28th was such failure to perform on its part as will prevent a recovery, where the purchasers refused to accept the goods.

Appellant's next contention is that defendants waived the right to reject the goods, first, by not notifying the plaintiff with reasonable promptness; and, second, by failing to assert the delay as one of the grounds for refusing to accept the goods in the letter written by defendants to plaintiff on October 13th.

The first ground asserted is wholly untenable. If the agreement between the parties was to the effect that the goods were to be shipped by August 15th, then it was incumbent upon plaintiff to show a compliance with this condition in order to recover. When plaintiff failed to comply with this condition defendants were justified in treating the contract as terminated, if they so desired. No duty was incumbent upon them to notify plaintiff. See authorities cited above, and 35 Cyc. 531, 9 Cyc. 603, 643.

(9) Did defendants waive the provision in the contract relating to time of delivery, by failing to mention this in their letter to plaintiff? We think not. Appellant relies solely upon the authority of Littlejohn v. Shaw, 159 N. Y. 189, 53 N. E. 810. In discussing this same question, and the authority cited, Williston on Sales, says: "It has been held in a New York case that where a buyer, on tender of goods being made to him, objects to the tender on specified grounds, all other objections are waived, and the seller, in order to recover the price, need only prove compliance with the contract in the particulars to which the objections related. This decision has been followed elsewhere. The result, however, seems contrary to principle and a considerable weight of authority upon closely allied questions. Upon principle if goods are open to more than one objection, and the buyer, when they are tendered, contents himself with giving one reason, it is hard to see why he thereby conclusively admits that there is no other reason. His conduct may afford some evidence that the goods are subject only to the one objection stated, but no more than this can be said. This criticism is strengthened by authorities bearing on the same question as applied to contracts other than those of sale. In contracts of service, the general rule is established that when a servant is discharged on insufficient grounds and sues his employer, the master may prove that a sufficient cause existed which was not specified or even known at the time of the discharge. And in other cases of contracts it has been held that 'the legal effect of an act amounting to breach of contract must be the same whether it is known or unknown to the opposite contracting party.' The only proper qualification of the doctrine here advocated arises where the objection set up at the trial might have been obviated by the seller had he not supposed that the buyer's objection related only to the matter specifically referred to. The cases in which it has been held that a tender of money

if objected to on one ground cannot later be objected to on another rest on this principle.   In the leading case Bayley, B., said: 'If you objected expressly on the ground of the quality of the tender, it would have given the party the opportunity of getting other money and making a good and valid tender; but by not doing so and claiming a larger sum, you delude him.' "   Williston, Sales, § 495.

The defendants returned the goods immediately after they were received.   They evidenced no intention to retain them, or waive the failure of the plaintiff to ship the goods at the time agreed.   The mere fact that they wrote a friendly letter calling attention to certain local conditions which affected their business, and made no reference to the failure to ship the goods at the time agreed, would not of itself constitute a waiver on the part of the defendants of the condition as to the time of shipment.   Actions frequently speak louder than words in matters of this kind.   The question is whether or not the conduct or acts of the defendants, including what they may have said or written, evinced an intention to be bound by the contract.   Their prompt return of the goods indicates a contrary intention.   The plaintiff was in no manner prejudiced by the failure of the defendants to assign the delay in making shipment as a ground for refusal to accept it.   There was no way whereby plaintiff could remedy this defect.   We are entirely satisfied that the evidence did not establish, as a matter of law, that defendants had waived the delay in the time of shipment.   Williston, Sales, supra; Tascott v. Rosenthal, 10 Ill. App. 639; Bryant v. Thesing, 46 Neb. 244; 64 N. W. 967; Crescent City Mfg. Co. v. Slattery, 132 La. 917, 61 So. 870; Connell Bros. Co. v. H. Diederichson & Co. 130 C. C. A. 251, 213 Fed. 737.

(10) The failure to assign such delay as one of the grounds for refusal to accept the goods was merely a circumstance which the jury might, and presumably did, take into consideration in determining whether or not a definite time for shipment was agreed upon, as one of the terms of the order, and, also, upon the question of whether or not defendants waived the delay in making shipment.   See authorities cited above.   See also Strain v. Pauley Jail Bldg. & Mfg. Co. 80 Tex. 622, 16 S. W. 625; Morley Auto Co. v Pittsburg Mach. Tool Co. 54 Pa. Super Ct. 223; Peninsula Produce Exch. v. Scott, 53 Pa. Super Ct. 625; Tobias v. Lissberger, 26 N. Y. S. R. 152, 6 N. Y. Supp. 823;

Bamberger Bros. v. Burrows, 145 Iowa, 441, 124 N. W. 333, 338; 35 Cyc. 186.

We are entirely satisfied that the plaintiff was not entitled to a directed verdict, and that the action of the trial court in submitting the issues of fact to the jury was entirely proper.

The other errors assigned are merely incidental to the propositions heretofore considered, and are not worthy of consideration. It follows from what has been said that the judgment and order appealed from must be affirmed. It is so ordered.