350    APPELLATE COURT OF INDIANA,

Christian Feigenspan *v.* American Hominy Co.—78 Ind. App. 350.

## CHRISTIAN FEIGENSPAN, INCORPORATED, *v.* AMERICAN HOMINY COMPANY.

[No. 11,301.   Filed April 7, 1922.   Rehearing denied June 8, 1922.]

1. APPEAL.— *Questions Presented.*— *Satisfaction of Judgment Prior to Appeal.*—Where judgment in favor of defendant on its counterclaim was satisfied before an appeal was taken, no question is presented on appeal as to the decision on the counterclaim. p. 350.

2. SALES.—*Sales Contract.*—*Breach.*—*Failure to Perform within Time Limit.*—Where a contract for the sale of goods stipulated that the goods should be ordered out by the buyer within a specified time, the buyer's failure to so order within the time limited was a breach of the contract, as time is the essence of a commercial contract. p. 354.

3. CORPORATIONS.—*Sales Agent.*—*Authority to Change Principal's Contracts.*—Where a buyer of goods contracted to order them out before a specified date, the corporate seller's sales agent, who did not make the contract, had no implied authority, in the absence of specific authority, to modify the contract by letter to the buyer after the specified date, advising it to order out the remaining cars of goods. p. 354.

From Marion Superior Court (A4,060) ; *Linn D. Hay,* Judge.

Action by Christian Feigenspan, Incorporated, against the American Hominy Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Caleb S. Denny, George L. Denny* and *William F. Elliott,* for appellant.

*Charles Martindale,* for appellee.

ENLOE, J.—This was an action by the appellant to recover damages for the alleged breach of a contract for the sale of "hominy grits."   The complaint which was in two paragraphs was, as to each paragraph thereof, answered by a general denial, and by a paragraph of set-off; there was also a counterclaim. There was a reply in general denial.   The issues thus joined were submitted to the court for trial upon an

agreed statement of facts, and resulted in a finding against appellant upon the issues tendered by its complaint, and a finding in favor of the appellee upon the issues tendered by its paragraph of answer in counterclaim. There was a judgment in favor of the appellee in the sum of $2,311.92, and for costs. A motion for a new trial was duly filed, which being overruled, this appeal is prosecuted. The overruling of said motion is the only error assigned. The appellant urges as grounds for a reversal that the decision of the court, as to the issue presented by the appellant's complaint and answers of denial thereto, was not sustained by sufficient evidence, and was contrary to law. The judgment in favor of appellee on its counterclaim having been satisfied before this appeal was taken, no question is presented as to the decision of the court on the issue thereon.

The first paragraph of appellant's complaint was based upon a written contract of sale of the hominy grits as evidenced by the following contract, viz.:

"ACKNOWLEDGMENT OF ORDER.

Chr. Feigenspan, Inc.
Newark, N. J.
Gentlemen:

"We confirm sale to you under date of 5/9/17 per Department C-S. S. Steiner of Ten (10) Carloads Grits each of 60,000 pounds at $4.10 per cwt. sax to be returned free on board the car at Newark, N. J., subject to advance in freight rates. (switching, terminal charges, extra towage or lighterage charges to be paid by the purchaser)
SHIPMENT TO BE MADE ABOUT AS FOLLOWS:
To be ordered out gradually within 60 days from date of sale.

"THANK YOU

"Unless otherwise advised immediately, we will understand that you accept this confirmation as the contract. All quotations or contracts conditional

upon prevention by lack of transportation, strikes, accidents, or causes beyond our control.

TERMS:    ARRIVAL DRAFT less ½ per cent.

AMERICAN HOMINY COMPANY.

B/L attached."

This paragraph of complaint contains the averment that "on June 29, 1917, no grits had been delivered under the contract herein sued upon; that on the same date the plaintiff and defendant mutually agreed in writing that shipment under the contract therein sued upon should be made, one car each week thereafter until said order of shipment be changed by the plaintiff." It is alleged that only two cars of the ten cars sold, were ever delivered and damages were sought covering the eight cars not delivered.

The second paragraph of complaint alleged facts which if true, it was thought were sufficient to excuse the appellant for not ordering said grits to be shipped within the time specified in said contract. These averments were as follows, viz.:

"The plaintiff further avers that on June 29, 1917, no grits had been delivered under the contract herein sued upon; that on the same date the plaintiff and defendant mutually agreed in writing that shipment under the contract herein sued upon should be made, one car each week thereafter until said order of shipment should be changed by the plaintiff.

"That at each of the times when plaintiff and defendant made such agreements as to time of shipment of the ten cars of grits under the contract herein sued upon, all as aforesaid, no part of said contract had been executed, in that, no one of said ten cars had been delivered. That during all such times and continuously from May 10, 1917, up to July 28, 1917, the defendant repeatedly assured the plaintiff that it would deliver said cars in such manner and at such time as the plain-

tiff might request and that it would do all in its power to accommodate the plaintiff in the matter of the delivery of such cars. That the plaintiff believed and relied upon all such statements, agreements and assurances of the defendant and in good faith believed as a result of said assurances and for other reasons, as hereinafter stated, that the defendant would not insist upon delivering said ten cars of grits by July 10, 1917, and that the defendant would not attempt to rescind the contract herein sued upon if said ten cars were not all delivered by July 10, 1917, for the plaintiff alleges that in the performance of the contract of April 10, 1917, above mentioned, the defendant accepted, without objection, plaintiff's orders for shipment, which carried the delivery of the last cars on said April contract considerably beyond June 10, 1917, the date for delivery of the last of said ten cars according to the strict construction of said contract and that the defendant, without objection, continued to deliver said ten cars on said April contract up to as late as July 2, 1917, all without objection.

"WHEREFORE, the plaintiff alleges that the defendant is estopped to claim a cancellation of the contract herein sued upon because of failure of plaintiff to give such shipping directions for said ten cars as would have resulted in the delivery of the last of said ten cars on or before July 10, 1917, and is estopped to claim cancellation of said contract after July 10, 1917."

The specific questions thus presented for our consideration, arising under the issues thus tendered are, (a) Did the appellant duly perform all obligations resting upon it, as fixed by the terms of said contract? (b) Was said contract subsequently modified, by mutual agreement, as to time within which said goods should be ordered? (c) Did the appellee promise or agree to extend the time within which said goods were to be or-

354    APPELLATE COURT OF INDIANA,

Christian Feigenspan *v.* American Hominy Co.—78 Ind. App. 350.

dered out? (d) Did the indulgence of appellee, as to ordering out of goods sold in April, estop it from insisting upon the time limit in the second contract?

As to the first of above propositions, the agreed statement of facts was that only two, of said ten cars so sold, had been ordered out up to July 10, and that these were received by the appellant on July 18 and July 19. In *Norrington* v. *Wright* (1885), 115 U. S. 188, 6 Sup. Ct. 12, 29 L. Ed. 366, it was said: "In the contract of merchants time is of the essence. The time of shipment is the usual and convenient means of fixing the probable time of arrival with a view of providing funds to pay for the goods, or of fulfilling the contracts with third persons. A statement descriptive of the subject matter, or of some material incident such as the time and place of shipment, is ordinarily to be regarded as a warranty, in the sense in which that term is used in insurance and maritime law, that is to say, a condition precedent, upon the failure or non-performance of which the party aggrieved may repudiate the whole contract." See, also, *Schreiber* v. *Butler* (1882), 84 Ind. 576; *Sunshine, etc., Co.* v. *Roquette* (1915), 30 N. D. 143, 152 N. W. 359, L. R. A. 1916E 932, and note. Under these authorities, as to the first question, upon the record before us, the law is with the appellee.

Was said contract subsequently modified by mutual agreement of the parties? The alleged modification consists in certain communications between the appellant and one Steiner, the New York sales agent of appellee. It appears that on July 23, Steiner wrote the appellant as follows: "As to shipping instructions on the 8 cars grits still due you, the above contracts have expired on July 9th and 10th and under present conditions of the market we would advise you to order out the above cars as quick as possible,

particularly as according to information received from the railroads, there will be considerable delay in transit from now on." There were other communications between appellant and Steiner, but none of them as forceful as that just quoted. Steiner was only a *sales agent*. No authority whatever is shown to be in him to in any way change said contract. He did not make it, and in the absence of specific authority, could not change it. He had no such implied authority. *Clemens Horst Co. v. Peter Breidt City Brewery* (1920), (N. J. Err. & App.) 109 Atl. 727; *Mausert* v. *Feigenspan* (1905), 68 N. J. Eq. 671, 63 Atl. 610, 64 Atl. 801.

We have carefully read and considered all of the agreed-upon facts of this case, and we find nothing therein which, in our opinion, would have warranted the trial court, upon the issues as presented, in finding that appellee had agreed to extend the time within which said goods were to be ordered shipped, nor do we find any evidence of any fact or facts sufficient to work an estoppel, as against the appellee, to declare said contract at an end.

We find no error in this record. Judgment affirmed.