629 P.2d 553

The **CORONADO COMPANY, INC.**, general partner, Coronado # 4, a New Mexico limited partnership, Plaintiff/Appellant,

v.

**JACOME'S DEPARTMENT STORE, INC.**, an Arizona Corporation, Defendant/Appellee.

No. 2 CA–CIV 3690.

Court of Appeals of Arizona, Division 2.

March 18, 1981.

138

Bilby, Shoenhair, Warnock & Dolph, P. C. by Dwight M. Whitley, Jr., Tucson, for plaintiff/appellant.

Lohse & Bloom by Ashby I. Lohse, Tucson, for defendant/appellee.

## OPINION

BIRDSALL, Judge.

This is an appeal from a judgment in favor of defendant/appellee on both the complaint and counterclaim in a contract action. The contract was a May, 1976 agreement to lease a store of a specific size to be built in accordance with the specifications of the lessee for the interior in a shopping center of a certain size.

Appellant initiated this suit for damages for an alleged breach by appellee when it terminated the lease in May, 1977. Appellee raised several defenses to this claim and counterclaimed for damages alleging appellant's breach for failure to construct the shopping center and store, which were the objects of the lease, within an agreed time period.

After a bench trial, the court made findings of fact and found for appellee on the complaint and counterclaim and awarded it $28,519.92 in compensatory damages plus costs and attorney's fees.

Appellant contends that the judgment is unsupported by the facts. We do not agree. More specifically, appellant contends that appellee was not entitled to rescission due to delay in performance because the contract did not make time of the essence. The trial court's conclusions do not include any characterization of the remedy given appellee. However, appellant's characterization of the remedy as rescission is inconsistent with the pleadings and the form of relief awarded. Implied in every judgment, in addition to express findings made by the court, is any additional finding that is necessary to sustain the judgment, if reasonably supported by the evidence, and not in conflict with the express findings. *In Re Holman's Adoption*, 80 Ariz. 201, 295 P.2d 372 (1956). Likewise, conclusions of law necessary to sustain the judgment are implied if supported by the evidence and the findings. *H.M.L. Jr. v. State*, —— Ariz. —— (App., 2 CA–CIV 3757, filed 2/13/81). Had the court granted rescission, both parties would have been restored to their original status. The fact that only appellee was restored indicates that the court found a breach by appellant which excused appellee from performing and entitled it to damages. If the judgment can be sustained on any theory framed by the pleadings and supported by the evidence, we must affirm. *See Lawrence v. Valley National Bank*, 12 Ariz.App. 51, 467 P.2d 763 (1970).

The court found that appellant was "not able to perform the part of its agreement which required completion of the building [for appellee's store] by August 1, 1977." Appellant does not dispute this fact but argues that it has no significance since time was not of the essence in this contract. We do not agree.

The original written lease agreement did not make time of the essence, although it did provide for a per diem delay penalty if the lease did not begin by April 1, 1977. In August or September, 1976, appellant informed appellee that delays made the April 1, 1977 lease date impossible. Negotiations began about a new occupancy date. Appellant then agreed that the store would be completed in time to prepare for an August 1, 1977 opening and thus modified the original contract. A written contract may be modified by subsequent oral changes that are supported by consideration. *Pleasant v. Arizona Storage & Distributing Co.*, 34 Ariz. 68, 267 P.2d 794 (1928). In the exchange of consideration here, appellant got a delay of its performance from April 1 to August 1 and an implied release from the delay payments during that time and appellee got a time is of the essence provision. A time is of the essence provision may be implied from the character of the subject matter. *See Bennie v. Becker-Franz Co.*, 14 Ariz. 580, 134 P.2d 280 (1913).

The trial court found:

"2. That if the building were completed by October 1, 1977, it would not have permitted sufficient lead time for the various preparations for the department store opening, including fixturing, stocking, hiring the employees, advertising, etc., prior to the Christmas season.[1]

3. That Christmas season sales were of major importance to JACOME'S DEPARTMENT STORE, INC. in keeping the proposed department store in a financially viable condition in the first year of operation.

These findings indicate the reason the August opening date was material to the agreement for appellee. Appellant's awareness that the opening date was material was shown by its participation in the ground-breaking ceremony at which the opening date of August 1 was publicly announced.

---

1. October 1 was a later possible completion date suggested by appellant after it became known that the August 1 date would not be met.

■ Appellant argues that this was a construction contract and that time is not ordinarily of the essence in such an agreement citing *Taylor v. Goelet*, 208 N.Y. 253, 101 N.E. 867 (1913). Appellee counters that the agreement is a lease where time for performance provisions are often very material. Actually appellee argues that the agreement is a "shopping center" lease. *See Homer v. Dadeland Shopping Center, Inc.*, 229 So.2d 834 (Fla.1969). Although appellant correctly characterizes its interests in this agreement as that of a contractor as well as a landlord, appellee's interests cannot be ignored. The tenant in a shopping center lease is, as in this case, in the business of retail sales. Such a tenant's position can be likened to the retail merchant who is concerned with having sufficient inventory of saleable merchandise to attract customers and satisfy their demand. Often, as in the instant case, such business is seasonal. Thus appellee is like the buyer in mercantile cases where even though the contract does not specify in so many words that time is of the essence, such a provision is sufficiently expressed if it appears that the parties intended that it be so. *See Sunshine Cloak & Suit Co. v. Roquette Bros.*, 30 N.D. 143, 152 N.W. 359 (1915). When time of performance is material to the contract, failure of one party to perform by the contract deadline warrants terminating the contract. *Allen v. Martin*, 117 Ariz. 591, 574 P.2d 457 (1978).

The trial court also found:

"4. That THE CORONADO COMPANY, INC. unilaterally planned to build a substantially reduced project from the one originally proposed in "Phase 1".

. . . . . .

6. That THE CORONADO COMPANY, INC. had not obtained building permits as of May 2, 1977.

7. That there were few actual tenants signed up on May 2, 1977.

8. That on May 4, 1977, First National Bank submitted a guideline for possible interim financing for a project substantially smaller than that originally represented, but which was not a commitment for the construction costs.

9. That from the above facts and others, it is found that the October completion date was not a firm one, the project, reference size and scope as originally represented to JACOME'S, was not going to be built until an unknown time, if ever, and JACOME'S store, upon opening, would have been left as basically a "freestanding" store and not an anchor store in a fully developed complex."

The performance appellant arguably tendered was substantially less than the agreement required and the earliest projected completion date was at least two months past August 1. In fact, the trial court found that appellant's performance at any time in the near future was seriously in doubt. Consequently, even if we do not imply a provision making time of the essence, a promise to perform in a reasonable time is implied. *See Zancanaro v. Cross*, 85 Ariz. 394, 339 P.2d 746 (1959). Under these circumstances, the court could have found that appellant breached its promise to perform within a reasonable time and that failure was a material breach.

■ Appellant contends that before appellee could terminate the agreement because of a failure to perform within any time limit it was entitled to notice of appellee's intention. Since the court's findings imply that in May, 1977 appellant was unable to complete its promised performance within a reasonable time, any notice by appellee of an intention to terminate would have been futile. The law does not require a futile act. *Cf. Kamert Brothers Enterprises, Inc. v. Tanque Verde Plaza Co.*, 102 Ariz. 301, 428 P.2d 678 (1967) (actual tender not required if it would be a useless act).

■ The facts found by the court would also support a conclusion that appellant attempted to unilaterally modify the agreement. While appellee's store remained the same size, the shopping center surrounding it at the time of opening was to be significantly smaller than originally promised, if not non-existent. A party cannot unilaterally alter the terms of a contract without the assent of the other party.

*Yeazell v. Copins,* 98 Ariz. 109, 402 P.2d 541 (1965). The alteration of the shopping center plans without the consent of appellee was a material breach of the contract and could justify appellee's termination.

From these facts and others, the court expressly found that appellee was legally justified in terminating the lease and impliedly found that appellant had breached the contract.

Upon the independent breach of one party, the other party may treat the contract at an end and sue for damages. *See Graham v. Asbury,* 112 Ariz. 184, 540 F.2d 656 (1975). Appellee terminated the contract in accordance with its terms, sustained its burden of proof, and was entitled to damages. The damages awarded were reasonably justified by the evidence.

We affirm.

HATHAWAY, C. J., and HOWARD, J., concur.