### ARTHUR BRYANT v. RICHARD THESING.

FILED NOVEMBER 6, 1895.   No. 5518.

1. **Written Contracts to Purchase**: PAROL AGREEMENTS TO RELEASE PURCHASER.  A party who has contracted for the purchase of property may be released from the obligations of the contract at any time while it remains wholly executory, by a subsequent parol agreement to that effect.

2. ————: ————: CONSIDERATION.  The mutual waiver of the rights of the parties to a contract of sale of personal property is sufficient consideration for a cancellation of the contract, to release the parties from their obligations thereunder.

3. **Sales**: ACTIONS FOR PURCHASE PRICE: QUALITY OF STOCK. Where a seller of nursery stock institutes an action to recover the purchase price thereof the defendant may show that the stock was not of the kind and quality ordered, although he did not refuse to receive it for that reason when it was tendered to him at time of delivery, but based his refusal upon a cancellation or discharge of the order of purchase.

4. ————: ————: ————.  An order for nursery stock of a certain kind or quality, the price for the whole being stated in the order in a lump sum, is not severable, but entire, and the maker of the order is not obliged to receive the stock if in whole or in a substantial or material portion it is not of the kind or quality ordered.

5. ———: WRITTEN ORDERS FOR GOODS: PAROL EVIDENCE. A representation or promise by which a party was induced to sign a written order of purchase of property may be proved by parol.

6. Instructions: OBJECTIONS: REVIEW. Objections to instructions examined, and *held* not tenable as to some, and in regard to others the errors complained of were not prejudicial.

ERROR from the district court of York county. Tried below before WHEELER, J.

See opinion for statement of the case.

*Harlan & Harlan,* for plaintiff in error:

The contracts and orders were in writing and should control. They cannot be contradicted by oral testimony. (*Zucker v. Karpeles,* 50 N. W. Rep. [Mich.], 373; *Strange v. Wilson,* 17 Mich., 341; *Clark v. Tennant,* 5 Neb., 549; *Western Ins. Co. v. Putnam,* 20 Neb., 331; Addison, Contracts [Morgan's ed.], secs. 359–363; *Swain v. Semens,* 9 Wall. [U. S.], 272; Benjamin, Sales [4th Am. ed.], 216; *Schultz v. Bradley,* 57 N. Y., 646.)

*Sedgwick & Power, contra.*

HARRISON, J.

The plaintiff declared, in the petition filed in the district court of York county, upon two orders for nursery stock, including quite a number of apple and other fruit trees, alleging sale and delivery, and also that the prices charged were the reasonable prices and values of the trees, etc. The amount claimed was $105 and interest. The defendant answered and admitted signing the orders for the nursery stock, and except such admission denied each and every allegation contained in the petition, and further stated as follows: "And for further answer herein defendant alleges that prior to and at the time of the signing of the aforesaid orders, the plaintiff represented and stated to the de-

fendant that the plaintiff dealt in budded nursery stock only, and that the plaintiff had and sold no other fruit trees, bushes, vines, etc., except budded stock, and agreed and represented that the stock that should be delivered to defendant under the said orders should be budded stock as aforesaid, and the defendant relied upon the said representations and so signed the aforesaid orders, which otherwise he would not have done. And defendant says that the said representations were wholly false and fraudulent, as the said plaintiff was not then dealing in budded stock, but was dealing in inferior kinds of grafted and common stock, and the stock which the plaintiff was to deliver to the defendant, as hereinafter set forth, was not budded stock and was of no value to the defendant whatever." That he was not notified of the arrival of the trees, etc., at York, and they were allowed to remain there in such a situation and condition that they were so injured as to be entirely worthless; and for further answer alleged that subsequent to the signing of the orders, and before the time of delivery of the stock was attempted, the plaintiff released and discharged defendant from any obligation to receive the nursery stock and it was agreed the orders should be canceled and annulled. The plaintiff in reply denied each and every allegation of new matter contained in the answer and alleged due and timely notice to defendant of the arrival of the nursery stock at York. A trial to the court and a jury resulted in a verdict and judgment in favor of defendant.

It is claimed by counsel for plaintiff that the orders were in writing and could not be released or discharged by a subquent parol agreement, and that if they could, conceding it to have been proven, no consideration was shown for an agreement withdrawing the orders, other than the mutual waiver of the rights of the parties which had arisen by virtue of the execution and delivery of the orders. The testimony was of a nature to justify a conclusion that at

some date* subsequent to making the orders, and prior to the time for delivery of the articles ordered, it was agreed by and between the agent for the plaintiff who took the orders and had charge of the delivery of the nursery stock for plaintiff, including these orders and others forwarded at the same time and to the place, that these orders were canceled and discharged. This was sufficient to release the parties from their obligations. (Clark, Contracts, pp. 609, 620; *McCreery v. Day*, 6 L. R. A. [N. Y.], 503; *Dignan v. Spurr*, 28 Pac. Rep. [Wash.], 529.)

It is contended by counsel for plaintiff that under the general rule that parol evidence will not be received to contradict, vary, or modify the terms of a written agreement, no parol testimony should have been allowed on the branch of the case in relation to representations alleged to have been made by the agent who effected the sale, respecting the nursery stock, that it was to be "budded stock." The orders in question were signed by defendant, but not by plaintiff, and each of them was but a memorandum, or succinct statement, of some of the most important items of the contract, and we have no doubt that the representation or promise that the nursery stock to be delivered would be "budded," was material to the subject-matter of the contract embodied in the orders, and that it was competent as a defense, and parol testimony was competent to show that the representation was made, that the defendant was induced thereby to sign the orders, and that the representation or promise was untrue, or not performed. (*Barnett v. Pratt*, 37 Neb., 349; *Peck v. Jenison*, 58 N. W. Rep. [Mich.], 312; *Cullmans v. Lindsay*, 6 Atl. Rep. [Pa.], 332.)

It is further urged in this connection that the evidence discloses that the defendant did not refuse to take the nursery stock because the trees were not "budded," but assigned as a reason for his refusal to receive it his discharge from any obligations assumed by the orders by subsequent

oral agreement; that the defense under consideration was
incompetent and should have been rejected. The testi-
mony clearly proved that the promise in regard to the
quality of the stock was made, and that a considerable por-
tion of what was attempted to be delivered did not fulfill
the promise. Neither of the orders was for any specific
tree or vine named in it, nor were prices stated for each or
any particular one, but on each order the money consider-
ation was given in a lump sum or total amount. In other
words, the orders were not, as shown by their terms and
conditions, severable. The plaintiff had pleaded the or-
ders, which were admitted by defendant, and also alleged
and proved an attempted delivery of what he claimed sat-
isfied the demands of the orders. It was entirely proper
then to prove that the stock tendered was not in whole or
in part as ordered. One sum was stated in each contract
as the price. The nursery stock designated in each order
was an entire lot, and all the trees to be of the same qual-
ity. The plaintiff claimed to have fulfilled the terms of
the orders in respect to delivering the trees and of the kind
and quality, and it was certainly competent for the defend-
ant to prove the contrary, or to show that plaintiff had not
done so. Where the order for goods is for an entire lot
and the price stated in a lump sum, the order or contract
is not severable, and if of the goods tendered for delivery
a considerable number differ in quality from those ordered,
the buyer is not required to receive the goods or any part
of them, but may reject the whole. (*Sidney School Furni-
ture Co. v. School District of Warsaw Township*, 27 Atl.
Rep. [Pa.], 856.)

It is urged that the court erred in an instruction to the
jury whereby it was stated that it devolved upon the plaint-
iff to prove every material allegation of his petition, and
unless he had done so, or if the evidence as to such allega-
tions was evenly balanced, the verdict should be in favor
of defendant; that, inasmuch as the defendant, in his an-

swer, admitted the execution of the orders, there was no portion of the issues, the burden of proving which was on the plaintiff; that the trees, etc., were delivered was alleged in the petition and denied in the answer, and it was the duty of the plaintiff to prove it. The issues in the case and their conditions as presented by the pleadings had been fully stated and outlined to the jury in instructions given prior to the one in question, and, in view of the relative rights of the parties as developed and established by the evidence introduced, we are unable to discover wherein the plaintiff was or could have been prejudiced by this instruction. Furthermore, as to the affirmative allegations and defenses of the answer, the jury were instructed that the defendant must furnish proof of them.

Error was properly assigned in regard to instructions on the branch of the case in relation to the alleged discharge or release of the orders by parol. Agreeably to our views on this portion of the action, the instructions were proper and correct.

The court instructed the jury that if it was shown by the evidence that the plaintiff's agent represented or promised that the nursery stock ordered would be of a particular kind or quality, and the defendant was thereby induced to sign the orders and the stock tendered or offered to be delivered or any considerable or material portion of it was not of the kind or quality promised, the defendant was under no obligation to accept, but could refuse it. It is alleged that these instructions were erroneous, in assignments properly made. The instructions on these points in the case contained a correct statement of the rule, but were not entirely applicable to the facts in this case. It appears from the evidence that the defendant did not refuse to receive the stock because not of the kind ordered, but, when the jury had determined from the evidence that the trees, etc., were not of the kind ordered, as they must have done before they could conclude, as they were informed, that

defendant had a right to refuse the stock, the defendant would be entitled to a finding in his favor for the failure of the plaintiff to deliver or tender that which was ordered, hence the rights of plaintiff could in nowise be prejudiced by these instructions. The judgment of the district court is

AFFIRMED.