BLAND & FISHER LUMBER CO. v. SCAN-LAN.

(Court of Civil Appeals of Texas. Galveston. Nov. 28, 1913. Rehearing Denied Dec. 18, 1913.)

SALES (§ 177*)—CONSTRUCTION OF CONTRACT —ENTIRE AND SEVERABLE CONTRACTS.

Under a contract for the sale of 150,000 feet of "No. 1 common" lumber, more or less, at $11 a thousand feet for 100,000 feet of certain dimensions, and $9 a thousand feet for 50,-000 feet of certain dimensions, the buyer had a right to accept and take so much of the lumber tendered as complied with the contract, and to reject the remainder, and the seller had a right to demand that it accept so much as complied with the contract, since it was a severable and not an entire contract, and hence the fact that part of the lumber tendered was No. 2 common did not justify the buyer's refusal to accept any of it.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 445-450; Dec. Dig. § 177.*]

Appeal from Harris County Court; Clark C. Wren, Judge.

Action by T. M. Scanlan against the Bland & Fisher Lumber Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Andrews, Ball & Streetman, of Houston, for appellant. L. B. Moody, of Houston, for appellee.

REESE, J. This is an action for damages in the county court by T. M. Scanlan against the Bland & Fisher Lumber Company. Upon trial with a jury the plaintiff recovered judgment, and defendant appeals.

Appellee sued upon a contract in writing for the sale of 150,000 feet of lumber, more or less, by himself to appellant, 100,000 feet of certain dimensions at $11 per thousand feet, and 50,000 feet of certain dimensions at $9 per thousand feet, the lumber to be "dry and bright, No. 1 common," to be delivered to appellant at Cairo, Ill.; the lumber to be shipped at once. Contract dated May 25, 1910. On May 27th appellant notified appellee that the order was canceled. Part of the lumber was shipped, which appellant refused to receive on the ground that the order to fill which the lumber had been bought had been canceled. One car had been loaded, but not shipped. The court limited the recovery to lumber shipped or loaded on cars before appellee received the notice aforesaid. Appellant testified that 15 per cent. of the lum-

ber so shipped (in four several car load lots) was No. 2 common, and 85 per cent. No. 1 common as called for in the contract. There was no evidence as to any custom of the trade which would have rendered this a substantial compliance with the contract.

The only question presented by the single proposition advanced under the two assignments of error is that, as the evidence indisputably showed that only 85 per cent. of the lumber tendered was of the grade ordered, the court should have given the instruction requested by appellant, which was a peremptory charge to return a verdict for defendant. Pretermitting any discussion of the testimony as to the grade of the lumber, and admitting that only 85 per cent. was of the grade contracted for, the contract was severable and not an entire contract, and the rule in such cases with regard to several contracts must be applied. Streeper v. Frieberg, Klein & Co., 3 Wilson's Civ. Cas. Ct. App. § 240; Holmes v. Gregg, 66 N. H. 621, 28 Atl. 17. The lumber was to be paid for, not in a lump sum, but at a certain price per thousand feet, and the contract called for 150,000 feet, more or less. Clearly, when part of the lumber was tendered to appellant, it had the right to accept and take the 85 per cent. that was up to grade, and to reject the remainder. Appellee would not have been allowed to demand that appellant take all or none. The rule is reciprocal. As appellant had the right as against appellee to take that which was up to the grade contracted for, so appellee had the right as against appellant to demand that he do so. Appellant bases his contention for a reversal, under the proposition stated, on the ground that the contract was an entire contract. None of the cases cited by him deal with this kind of a contract. Schreiber v. Andrews, 101 Fed. 763, 41 C. C. A. 663; Gould v. Stein, 149 Mass. 570, 22 N. E. 47, 5 L. R. A. 213, 14 Am. St. Rep. 455; Bryant v. Thesing, 46 Neb. 244, 64 N. W. 967; Vassau v. Campbell, 79 Minn. 167, 81 N. W. 829.

Appellant never inspected the lumber, and the contract was canceled by it for the reasons stated before any of it was received. The court did not err in refusing the peremptory charge requested. The judgment is affirmed.

Affirmed.