MARY BEBER, ADMINISTRATRIX, APPELLANT, V. BEEBE & RUNYAN FURNITURE COMPANY, APPELLEE.

FILED DECEMBER 18, 1914. No. 17,881.

Appeal: DISMISSAL: EVIDENCE. Where the evidence is insufficient to sustain a verdict for plaintiff, the dismissal of the action is not erroneous.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*F. W. Fitch,* for appellant.

*Francis A. Brogan* and *Anan Raymond, contra.*

Beber v. Beebe & Runyan Furniture Co.

Rose, J.

For alleged negligence resulting in the death of Wyman Beber, his widow, as administratrix of his estate, brought this action against his employer to recover damages in the sum of $15,000. At the close of the testimony on behalf of plaintiff, the trial court sustained a motion to dismiss the action on the ground that the evidence was insufficient to sustain a verdict in her favor. From the judgment of dismissal, she has appealed.

Beber and a fellow-servant were engaged in moving dressers in a room in defendant's warehouse in Omaha, December 28, 1910. They sat on the floor, braced their feet against a cleat, and with their backs pushed four dressers piled one upon another; each being wrapped in excelsior and burlap and resting upon its back. While they were thus at work, the top dresser struck another pile, fell on Beber, and fatally injured him. The negligence imputed to defendant consisted in ordering Beber from his regular employment as a glass crater to the unfamiliar and dangerous task of moving dressers and in requiring him to perform his new duties without sufficient help. It is argued by plaintiff that negligence in these respects was the proximate cause of the injury.

Is there any evidence that the order amounted to negligence under all of the circumstances proved? While Beber was a glass crater, he had, when not thus engaged, frequently worked at different times for two months at moving dressers. He was familiar with that work in the room where he was injured, though he was not used to the actual pushing—an exertion within his strength, but not the proximate cause of his injury. Evidence that it was his duty, when not engaged at his regular employment, to be busy at something else is uncontradicted. When the order was given, he obeyed without complaint or protest. There was no latent or hidden danger. Beber was an employee of mature years and of ordinary intelligence. The dangers incident to the motion resulting from physical exertion of employees and to the ordinary operation of familiar laws.

of gravitation were open and obvious. The order, under the uncontradicted proofs, was not given under circumstances requiring the master to warn the servant of the dangers mentioned. *Lewis v. Koller & Smith,* 186 Fed. 403. It is clear that there was no evidence of negligence in the giving of the order. It follows that the trial court did not err in refusing to submit this issue to the jury.

Is there evidence that the employee was required to engage in an unfamiliar and dangerous work without sufficient help? A pile contained from three to nine dressers and was generally moved by three men, one to steady it and two to push it. The pile being moved when the accident occurred contained four dressers. Beber and his fellow-servant were strong enough to move it, but plaintiff insists that the foreman went away without leaving any one to steady the pile, while it was being moved in the manner already described. In this connection it is also argued that Beber was required to go ahead with his work in the absence of the foreman. There is proof that the foreman went away temporarily without leaving any one to steady the pile, but there is no proof of actionable negligence in these respects. The instruction to keep busy was a general order previously given to all employees. There is no evidence that the foreman directed the work in hand to proceed in his absence. Beber knew from observation and personal experience the purpose of steadying a pile, while it was being moved. There is evidence tending to show that a broken, projecting leg of the dresser which fell on Beber caught on a pile he had just assisted in moving. He did not ask for more help or wait for the foreman's return. Knowing obvious conditions and dangers as well as his master he voluntarily proceeded with his work. Under familiar principles of law, these are circumstances under which a master is not chargeable with actionable negligence for failure to furnish more help for the work in hand.

The proofs do not show that the accident itself, when considered with all of the attending circumstances, neces-

sarily involves actionable negligence on part of defendant. The dismissal, therefore, was without error.

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.