KENNETH J. CAMPBELL, APPELLANT, V. C & C MOTOR COMPANY ET AL., APPELLEES.

21 N. W. 2d 427

FILED JANUARY 18, 1946. No. 32019.

*Lee Card,* for appellant.

*A. C. Plantz* and *E. D. Crites,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

MESSMORE, J.

This is an action at law. The plaintiff charges fraud and deceit practiced by the defendants in selling him a motor

truck, and in addition, the making of an oral agreement embracing an express warranty which he claims the defendants breached. The plaintiff's second amended petition, for the purposes of this appeal, alleges in substance as follows: That on or about August 1, 1940, the manager of the defendant, C & C Motor Company, falsely and fraudulently, with intent to deceive and defraud the plaintiff, represented to him that he would sell the plaintiff a heavy duty Chevrolet motor truck of 1940 pattern that would easily, safely, and expeditiously handle and haul single loads of merchandise and livestock of from four to six tons per single load over the usual western Nebraska highways at a speed of from 35 to 50 miles per hour; further, that such motor truck would not require new parts or repairs for a year from the date of the purchase; that plaintiff accepted the offer to purchase, wholly relying upon the statements and representations of the manager of the C & C Motor Company; that the representations so made were false in fact, and the motor truck delivered to the plaintiff was not a heavy duty Chevrolet motor truck of 1940 pattern, and failed to perform as represented and in the manner heretofore set forth; that the agreed price as shown by a conditional sales contract entered into by the plaintiff and defendant, C & C Motor Company and made a part of the petition, was $1,038.76, $400 payable upon delivery, this amount divided in $100 cash and $300 trade-in value for a 1936 Chevrolet truck, leaving a balance of $638.76 payable in two installments, February 1, 1941, and August 1, 1941; that by reason of the false and fraudulent representations made, the plaintiff has been deprived of the use and benefit of the heavy duty Chevrolet motor truck of 1940 pattern for approximately a year last past, and the loss of use of his 1936 Chevrolet motor truck for a year, and the loss of use of $100 cash expended in the purchase, and the plaintiff has been required to expend other money in his efforts to have the defendants make good their covenants, warranties, and promises to deliver to the plaintiff a heavy duty Chevrolet truck of 1940 pattern in the amount of $250 for gas, oil, and time away from his

ranch work, and prayed generally for damages in the amount of $1,500.

The defendant, C & C Motor Company, by separate answer alleged it was a partnership; admitted the sale of a 1940 model Chevrolet truck on a conditional sales contract as pleaded by the plaintiff; that the plaintiff did not complete the contract according to the terms thereof; and denied generally other allegations of the petition.

The defendant, General Motors Acceptance Corporation, filed an answer similar in all respects to that of the C & C Motor Company, except that it is a corporation, and the conditional sales contract was assigned to it, and its codefendant was not its agent; denied generally the other allegations of plaintiff's amended petition.

The plaintiff defaulted the conditional sales contract February 1, 1941. The truck was repossessed and apparently sold under foreclosure, the plaintiff having removed from the state.

The case proceeded for trial before a jury, and at the close of plaintiff's evidence the defendant, General Motors Acceptance Corporation, separately moved to dismiss the suit as to it for the reason that the petition states no cause of action against it, and the evidence establishes no liability against it. In addition thereto, the defendant, C & C Motor Company, moved the court to dismiss the action as against it for the same reasons. Other parts of the latter defendant's motion will be discussed subsequently in this opinion as occasion requires. The court sustained the motion and dismissed the plaintiff's suit as to both defendants. From the overruling of the motion for new trial, plaintiff appeals.

The record discloses that the evidence is insufficient to make a case for the jury against the defendant, General Motors Acceptance Corporation, and the trial judge properly sustained such defendant's motion to dismiss.

The remaining question is whether or not the trial court erred in dismissing the plaintiff's suit against the defendant C & C Motor Company. In this connection, the burden is on the plaintiff to prove by preponderance of the evidence,

the following essential elements constituting fraud and deceit: (1) That such defendant made a material representation; (2) that it was false; (3) that, when made, such defendant knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted on by plaintiff; (5) that plaintiff acted in reliance on it; and (6) that he thereby suffered injury. See 37 C. J. S., Fraud, s. 3, p. 217. See, also, Scovel v. Isham, 113 Neb. 238, 202 N. W. 869; Omaha Electric Light & Power Co. v. Union Fuel Co., 88 Neb. 423, 129 N. W. 989; Bowen v. Johnson, 129 Neb. 868, 263 N. W. 215; Welch v. Reeves, 142 Neb. 171, 5 N. W. 2d 275.

The plaintiff testified that he talked to the manager of the defendant C & C Motor Company several times, and was informed by him that the 1940 heavy duty truck would handle larger loads at a better rate of speed and that he would finance it for the plaintiff; also, that the truck would haul from four to six tons at from 40 to 50 miles per hour, and he took the manager at his word. He further testified that after he drove the truck a thousand miles and loaded it with three ton of hogs and started to Alliance, that it would not pull. He then drew a comparison between the 1936 Chevrolet truck which he turned in on the new truck as to its maneuverability, speed, and handling as against the 1940 truck in question. There is also evidence as to certain repairs which the defendant, C & C Motor Company, agreed to place on the truck and which were not furnished, also work performed thereon which resulted in no improvement. The evidence as to the faulty maneuverability and handling capabilities of the new truck, in comparison with the 1936 truck, is to some extent corroborated. It is apparently the plaintiff's contention that the manager of the C & C Motor Company made false representations as set forth in the plaintiff's amended petition, as an inducement to the plaintiff to execute the conditional sales contract.

It is true that parol testimony in a case of fraud and deceit is admissible to show that a representation made con-

stituted an inducement for the signing of a written agreement. See Bryant v. Thesing, 46 Neb. 244, 64 N. W. 967; Barnett v. Pratt, 37 Neb. 349, 55 N. W. 1050; 24 Am. Jur., Fraud and Deceit, s. 267, pp. 102, 103, and 104. See, also, Commercial Credit Co. v. Childs, 199 Ark. 1073, 137 S. W. 2d 260, 128 A. L. R. 726.

However, viewing the evidence in its most favorable light, it fails to show that the plaintiff relied upon any representations made by the manager of the defendant, C & C Motor Company, that constituted an inducement to the plaintiff to sign the conditional sales contract. The plaintiff testifies to no such fact.

It is obvious that the essential elements constituting the cause of action in fraud and deceit were not proven by competent evidence adduced by the plaintiff, and the court properly sustained the defendant C & C Motor Company's motion to dismiss in such respect.

It is further contended by the plaintiff that an oral agreement was made between the plaintiff and the defendant, C & C Motor Company, that embraced an express warranty, and that such warranty was breached by such defendant within the contemplation of the Uniform Sales Act, citing section 69-412, and subsections 69-415 (1) and 69-447 (2), R. S. 1943. The evidence fails to disclose the making of any such oral contract or any warranty made by the defendant, C & C Motor Company, either express or implied, upon which the plaintiff claimed he relied. The court properly dismissed the plaintiff's suit on this phase of the case.

The plaintiff would not be entitled to recover for prospective or uncertain profits which he might have made, had he not been deceived by and acted upon the defendant's false representations. The profits with reference to trucking of his livestock, unless arrived at with reasonable certainty, may not be recovered, even assuming that he had proved fraud and deceit on the part of the defendant. See 37 C. J. S., Fraud, s. 141 d, p. 467.

While expenses incurred by the defrauded party as a proximate result of the fraud may be recovered, there must

be some competent proof of the expenses. The mere conclusion by the plaintiff that he was required to spend a certain amount in an endeavor to compel the defendant to comply with the representations made, without further supporting evidence of any kind or nature, is insufficient to show any damage or injury suffered by the plaintiff.

To recover damages in a law action for fraud, the plaintiff must prove he has suffered loss directly as a consequence of a fraud and to an extent that is definite and ascertainable. See 24 Am. Jur., Fraud and Deceit, s. 265, p. 100.

"Where the evidence is insufficient to sustain a verdict for plaintiff, the dismissal of the action is not erroneous." Beber v. Beebe & Runyan Furniture Co., 97 Neb. 446, 150 N. W. 204.

The judgment of the trial court is affirmed.

AFFIRMED.