ALLIED BUILDING CREDITS, INC., A CORPORATION, APPELLEE, v. PETER C. DAMICUS, APPELLANT, IMPLEADED WITH JAMES E. ANDERSON, APPELLEE.

93 N. W. 2d 210

Filed November 28, 1958. No. 34401.

*O'Sullivan & O'Sullivan,* for appellant.

*Charles S. Reed* and *Franklyn K. Norris,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Allied Building Credits, Inc., a corporation, plaintiff and appellee, against Peter C. Damicus and James E. Anderson, defendants, commenced in the district court for Douglas County, Nebraska, to recover $2,100. Anderson defaulted and judgment was rendered against him for the amount prayed for by the plaintiff. As to Damicus there was a trial to a jury which resulted in a verdict in his favor. He is appellant here. The plaintiff corporation, hereinafter called appellee, filed a motion in the alternative for judgment notwithstanding the verdict or for a new trial. The court sustained the motion for judgment notwithstanding the verdict and rendered judgment in favor of appellee and against the appellant for $2,100. From this judgment notwithstanding the verdict the appeal herein has been taken. The motion for new trial was overruled by the order of the court.

The errors assigned as grounds for reversal are: (1) The evidence adduced by the plaintiff was insufficient as a matter of law to justify a verdict being in effect directed by the district court in its favor; (2) it was error to vacate the judgment on the verdict of the jury and enter judgment in favor of plaintiff; and (3) there was no proper motion for a directed verdict made by the

plaintiff such as would authorize the court to invoke the provisions of "25-1305.15 R. S. Nebr." Obviously the intention was to make reference to section 25-1315.02, R. R. S. 1943.

Before proceeding with a consideration of the assignments of error the issues will be defined as will also the respective theories on which the case was presented to the district court.

In the petition and in the amended petition on which the case was tried the appellee is described as a corporation. The true relationship of appellee to the transaction must be ascertained from the results of a pretrial proceeding and the record made on the trial of the case.

From the record it appears that appellee was a corporation engaged in the purchase and discount of securities; that at all times of concern International Fiberglass, Inc., a corporation, had a business in Omaha, Nebraska, and the appellant was an officer active in the operation of the business of this corporation with the other defendant; that for the purpose of setting up an arrangement for the purchase of promissory notes and contracts by the appellee from International Fiberglass, Inc., the appellant, designated as general manager, with the other defendant, designated as president, executed a document which was delivered to the appellee declaring the relationship of the two to the corporation with other pertinent information; that after this arrangement was made International Fiberglass, Inc., sold one note to the appellee signed by Art Hornig and Clara S. Hornig for $1,500, which was of the face value of $1,815, and one signed by Manie Swanson and Alvina Swanson for $600, which was of the face value of $726; that the principal amount of neither of the notes was filled in at the time of receipt by International Fiberglass, Inc., but both were filled in after receipt, and in the evidence it is not disputed that this was done without the knowledge or consent of the makers; that the Swanson note was

for work to be done for the Swansons which, according to testimony which is not denied, was to cost not to exceed $450; and that the Hornig note was for the building of a retaining wall which, also according to testimony which is not denied, was not to exceed $300.

By the petition the appellee charged that the defendants entered into a conspiracy to obtain notes in blank payable to International Fiberglass, Inc., from customers such as the ones herein, to fill them in for larger amounts than those due and owing, and thus to defraud the makers; that in furtherance of that conspiracy they did obtain the notes which they sold to the appellee for the amounts mentioned; and that on account of this the appellee is entitled to recover the amounts paid for these notes from the defendants in this action. No question of the propriety of the action or the right to maintain it is raised.

The appellant denied that he was a party to any conspiracy or that he had any knowledge thereof, and denied that he participated in or had any knowledge of any of the matters of which complaint has been made by the appellee.

The evidence of appellee discloses that the two notes, after being signed, were, without the knowledge or consent of the makers, filled in by an employee in the office of International Fiberglass, Inc., at the direction and dictation of the defendant Anderson; that this was done in the presence and hearing of the appellant; that the appellant was at the office regularly; and that appellant signed no instruments except some checks and shipping orders. Appellee adduced no evidence the effect of which was to say that appellant had any knowledge as to any of the incidents attendant upon the procurement of the notes.

The appellant denied categorically and specifically any knowledge of the procurement of the notes or of any of the attendant circumstances. He admitted that he was present when at least one of the notes was filled

in after procurement. He effectually denied any knowledge as to whether or not the notes properly represented amounts owing by the makers thereof to International Fiberglass, Inc.

The appellee and appellant stipulated that the appellant was actively engaged in the operation of International Fiberglass, Inc., and that he signed the instrument which had for its purpose the setting up of the relationship pursuant to which the two notes were sold to the appellee.

There is no direct evidence that the appellant had any knowledge of the transactions which have been described except the arrangement for the disposition of notes and securities by International Fiberglass, Inc., to the appellee.

The appellant has denied categorically and specifically any additional knowledge. It becomes apparent therefore that the question of whether or not the appellant may be held liable in the premises is dependent upon the surrounding circumstances and the relation of the appellant to the transactions as disclosed by the evidence.

Whether or not the three assignments of error, or any of them, afford a basis for a reversal of the judgment depends upon the record as it has been summarized and applicable legal principles.

The burden of proof was on the appellee, not necessarily to prove that there was a conspiracy, but to prove that the appellant participated in or committed the act or acts of which complaint is made, or that he knew or, in the exercise of the care required of him in the circumstances, should have known of them. In Peterson v. Schaberg, 116 Neb. 346, 217 N. W. 586, it was said: "To maintain an action for damages for false representation, the plaintiff, in substance, must allege and must prove by a preponderance of the evidence the following elements: (1) What representation was made; (2) that it was false; (3) that the defendant knew it was

false, or else made it without knowledge as a positive statement of known fact; (4) that the plaintiff believed the representation to be true; (5) that the plaintiff relied on and acted upon the representation; (6) that the plaintiff was thereby injured; and (7) the amount of the damages." See, also, Paul v. Cameron, 127 Neb. 510, 256 N. W. 11.

Obviously the theory on which the judgment notwithstanding the verdict was rendered in this case was that under the evidence there was no issue of fact essential to a determination of the litigation, hence the appellee was entitled to a directed verdict in its favor at the conclusion of the evidence.

In order for the appellee to be entitled to have a verdict directed in its favor or the equivalent thereof, there must be no controverted issue of fact essential to a determination of the litigation. Krepcik v. Interstate Transit Lines, 151 Neb. 663, 38 N. W. 2d 533.

Where different minds may reasonably draw different conclusions from the evidence as to whether or not the evidence establishes a cause of action or a defense to a cause of action, the issues must be submitted to the jury for determination. In re Estate of Kinsey, 152 Neb. 95, 40 N. W. 2d 526.

Returning now to the assignments of error it appears that the first and second deal generally with the same problem, therefore they will not be treated separately. They deal with the question of whether or not there was sufficient evidence for submission of the pleaded defense to the jury.

The following which has application here was stated in Ashby v. Peters, 124 Neb. 131, 245 N. W. 408: "The officers of a corporation are responsible for the acts of the corporation, and in a suit for fraud, if fraud is proved, the law will look through the corporation to the officers who acted in the matter, and the officers who acted in the premises are proper parties defendant."

In that case corporate officers were sued for fraud

in the issuance and sale of bonds. A verdict was directed in favor of defendants. The ground or grounds on which it was directed have not been made known. It is apparent however that one of the defenses was that the defendants were not parties to the alleged fraud because of lack of participation or knowledge of representations made. This court said in reversing and remanding the case: "We conclude, therefore, that this case should have been submitted to the jury for determination of the issues of fact involved." See, also, Paul v. Cameron, *supra*; Ashby v. Peters, 128 Neb. 338, 258 N. W. 639, 99 A. L. R. 843.

It would appear, reasonably, that if knowledge or lack of knowledge of representations made or participation in the transaction was a question for a jury in that case it would be a like question under the evidence in this case.

The reasons for saying that there would be a question for a jury in this case appear more compelling than in that case. In that case, of course, the face value of the bonds was presumably well known to the defendants. They were muniments of liability issued by the corporation, whereas here the securities involved were merchantable and marketable assets the details of acquisition and cost of which could not have become known to the appellant except by participation in the transactions or by receipt of information in some other manner.

As pointed out, the appellant denied knowledge or information. Under the evidence therefore the conclusion reached is that the question of whether or not the appellant had knowledge of the transactions or that the circumstances were such as to charge him with knowledge was an issue of fact triable to a jury. This being true it must be said that the court was in error when it set aside the verdict and rendered judgment notwithstanding the verdict in favor of the appellee on the

ground that there was no evidence to sustain the defense to the action.

There is another reason why the judgment notwithstanding the verdict may not be allowed to stand, as set forth in appellant's third assignment of error. A proper motion for directed verdict is a necessary condition precedent to a motion for judgment notwithstanding the verdict. "Under section 25-1315.02, R. R. S. 1943, a motion for directed verdict is an absolute prerequisite to a motion for judgment notwithstanding the verdict, and the trial court cannot, either upon its own motion or upon motion for judgment notwithstanding the verdict, set aside a verdict and enter a judgment notwithstanding the verdict, where no preliminary motion for a directed verdict has been made." In re Estate of Kinsey, *supra.* See, also, Kohl v. Unkel, 163 Neb. 257, 79 N. W. 2d 405. A requisite motion must contain a statement of the specific grounds why a verdict should be directed. § 25-1315.01, R. R. S. 1943; Rhoads v. Columbia Fire Underwriters Agency, 128 Neb. 710, 260 N. W. 174; Segebart v. Gregory, 156 Neb. 261, 55 N. W. 2d 678. The record discloses that at the close of the evidence the appellee made a motion as follows: "All right, I then move that in view of the Plaintiff's (defendant's) Motion, the Court dismiss the jury in this action and award judgment in favor of the Plaintiff in accordance with the prayer of the Petition." No ground whatever is stated as a basis for the motion. The motion made in nowise provides a basis for the rendition of judgment notwithstanding the verdict.

The judgment notwithstanding the verdict is reversed and the cause is remanded with directions to reinstate the verdict and the judgment which was originally rendered thereon.

REVERSED AND REMANDED WITH DIRECTIONS.