TRANSPORTATION EQUIPMENT RENTALS, INC., A CORPORATION, APPELLEE, v. A. E. MAUK, DOING BUSINESS AS MAUK TRANSFER, APPELLANT.

167 N. W. 2d 183

Filed April 18, 1969. No. 37112.

Fraser, Stryker, Marshall & Veach and Stephen G. Olson, for appellant.

Silverman & Silverman, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an action on a contract providing for the purchase by plaintiff of trucks owned by the defendant, the leasing of trucks to defendant, and the repurchase by defendant, on termination of the leasing contract, of the trucks which defendant had sold to the plaintiff. Among other matters, defendant pleaded fraud attendant upon the execution of the contract. On trial, a verdict was rendered for defendant and, subsequently, plaintiff's motion for a new trial was sustained. We affirm the order granting a new trial.

Plaintiff is engaged in the business of leasing trucks and trucking equipment. Defendant had operated a

trucking business for many years and in connection with this business owned and operated several trucks. The parties entered into an agreement whereby defendant sold seven of his truck-tractors to plaintiff. Plaintiff repaired or reconditioned five of the tractors and leased them back to defendant under a written leasing contract. The contract provided that on its termination, defendant lessee was to repurchase the leased equipment for a specified sum, less an annual specified allowance for depreciation, but such sum was not to be in any event less than 15 percent of the value placed on the equipment at the time the contract was entered into. Plaintiff lessor agreed to provide fuel, oil, lubricants, tires, tubes, and other operating supplies and to reimburse defendant lessee at the rate of 25.5 cents per gallon for fuel, oil, and lubricants necessarily purchased away from plaintiff's garage. Defendant terminated the contract but refused to repurchase the trucks and failed to pay certain other items claimed to be due under the contract. One defense pleaded and relied upon by defendant was that there was fraud in the inducement of the contract. He contends, in substance, that he had been assured by plaintiff's agent that the provisions of the contract relating to the repurchasing of the trucks and to the 25.5 cents per gallon reimbursement for supplies purchased away from plaintiff's garage would not be enforced.

Defendant was a man 63 years of age who, together with his family, had engaged in the trucking business since 1925. He had the contract in question examined by his attorney. He discussed with his attorney the provisions relating to the repurchase of the leased trucks on termination of the contract and to the 25.5 cents per gallon rate of reimbursement for items purchased away from plaintiff's garage. He also discussed these items with plaintiff's representative before he signed the contract. In support of his contention that he was led to believe that these provisions of the contract were to be

disregarded, he was permitted to introduce evidence of statements alleged to have been made by plaintiff's representative to this effect. Defendant does not deny and, in fact, admits he was given to understand that these provisions had to be included in the contract or it would not be accepted and executed by the plaintiff company.

Defendant is, in effect, saying that he knew and understood the terms of the contract but had reason to believe that it would not be enforced or held to be binding upon him. He was neither deceived nor in doubt about the nature, contents, and legal effect of the contract he entered into. In fact, knowing that the plaintiff company would not accept or sign the contract if the provisions he objected to were deleted, defendant was put on notice that the plaintiff company considered these provisions to be important elements of the contract and was relying upon them. Statements of plaintiff's agent to the effect that these provisions would not be enforced, if made, could not have been taken seriously or relied upon by defendant. He knew that such was not the case.

In this respect, there was no fraud. The parol agreements asserted by defendant tend to directly vary and contradict the terms of the written contract. Evidence in regard thereto was erroneously admitted, prejudicial in nature, and a new trial is required.

The essential elements required to sustain an action for fraud are, generally speaking, that a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that he did in fact rely on it and was induced thereby to act to his injury or damage. 37 Am. Jur. 2d, Fraud and Deceit, § 12, p. 34; Campbell v. C & C Motor Co., 146 Neb. 721, 21 N. W. 2d 427.

"Fraud must relate to a present or preexisting fact and may not generally be predicated on an inference concerning any event in the future or acts to be done

in the future unless such representations as to future acts are falsely and fraudulently made with an intent to deceive." Sterner v. Lehmanowsky, 173 Neb. 401, 113 N. W. 2d 588.

In the present instance, the misrepresentation charged to plaintiff's agent does not deal with a present or pre-existing fact, but with acts to be done in the future. Since defendant was aware that the agent's principal would not approve a contract in which the disputed provisions had been deleted, any attempt to deceive defendant in this manner would have been futile and it is apparent that there was no intent to deceive. Due to the same situation, it is also apparent that defendant could not have relied upon such representations, if made, and, consequently, the essential elements of fraud do not exist in the present instance.

As heretofore pointed out, the statements attributed to plaintiff's agent are in the nature of a contemporary oral agreement which is in direct contradiction of, and seeks to vary certain provisions contained in the written contract. This court has consistently held: " '* * * that if persons to a transaction have put their engagement in writing in such terms as import a legal obligation without uncertainty of the object or extent of the engagement, it is conclusively presumed that the entire engagement of the parties and the extent and manner of their undertaking have been reduced to writing, and any parol agreement is merged in the written contract and testimony of prior or contemporaneous conversations is incompetent.' " Parsons Constr. Co. v. Metropolitan Utilities Dist., 170 Neb. 709, 104 N. W. 2d 272. See, also, Preferred Pictures Corp. v. Thompson, 170 Neb. 694, 104 N. W. 2d 57.

In view of the fact that evidence of a prejudicial nature was erroneously admitted at the trial of this case before a jury, it was incumbent upon the trial court to sustain plaintiff's motion for a new trial and the trial

court's action in that regard must be affirmed.

AFFIRMED.