ORVILLE J. DAHL, APPELLEE, V. MILTON J. ROBINSON, APPELLANT.

198 N. W. 2d 207

Filed June 2, 1972. No. 38241.

D. Nick Caporale and Waldine H. Olson of Schmid, Ford, Mooney, Frederick & Caporale, for appellant.

Homer E. Hurt, Jr., for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is an action for damages resulting from an automobile accident occurring at about 1:15 p.m., May 13, 1970, on a level, straight-away section of a paved, two-lane highway. It was misting and the highway was wet. Three cars, all traveling south, were involved. Verdict and judgment were entered for the plaintiff and that judgment is affirmed.

The evidence is disputed in some areas but is ample to warrant a jury finding the facts to be as follows: An automobile operated by Gary Glissman was in the lead, followed by plaintiff's car at a distance of 100 to 150 yards, and then by defendant's car which was 4 or 5 car lengths behind plaintiff. All were proceeding at about the same speed which was 45 to 55 miles per hour. Glissman saw two cars on the right shoulder of the highway and recognizing one, sought to turn off the pavement and stop. The jury could have found that he failed to signal a right turn and did, in fact, stop; also, that plaintiff stopped his car, was struck by defendant's car, and driven into the Glissman car.

The Glissman car sustained a badly crumpled left rear fender, and a bent trunk lid and rear bumper. The trunk lid and right rear fender of plaintiff's car were jammed forward over the rear wheels, the rear window broken, and it received major damage to the right front fender, grille, hood, and rear bumper. Also, four bolts holding the front seat were sheared off. Defendant's car had a badly bent front bumper, hood, grille, and left front fender. Defendant's car left skidmarks 90 feet in length.

At the time of the impact, the front seat having broken off, plaintiff was catapulted backwards with his head between the front and rear seats. A week elapsed

before he consulted a doctor and his medical expense was minimal, amounting to about $320.30 for both him and his wife. He was engaged in the business of selling livestock feeds and also operated a pick-up service hauling dead animals to a rendering plant. Both entail heavy lifting. Up to the time of trial, he had pain in his left arm, difficulty in lifting things, had to quit bowling and playing golf, could not sleep on his left side; had worn a back brace for about 8 months, and had been obliged to offer his rendering business for sale. He had his sons help with the lifting and also occasionally employed other help when the sons were in school. Damage to his car amounted to $300.

Defendant concedes his negligence was the proximate cause of the accident. His first contention is that the evidence fails to show plaintiff's injuries were proximately caused by the accident. Although the evidence on the point could be more specific, we are satisfied that evidence of his former activities, contrasting with their curtailment after the accident, the violence of the accident, the development of pain and physical difficulties soon after the accident of a nature not ordinarily encountered in the absence of a physical injury, and the absence of any evidence of other injuries or accidents required submission of the point to the jury.

Defendant states the verdict, for $10,000, is excessive. Medical and property damage amounted to about $620.30. No permanent or future damages were pleaded. Other elements in issue were inability to properly conduct and retain plaintiff's businesses, employment of additional help, and pain and suffering. We do not believe that the verdict is clearly erroneous. "In testing the sufficiency of the evidence to support a verdict it must be considered in the light most favorable to the successful party, that is, every controverted fact must be resolved in his favor and he should have the benefit of every inference that can reasonably be deduced therefrom.

"A verdict may be set aside as excessive only when it is so clearly exorbitant as to indicate that it was the result of passion, prejudice, or mistake or that it is clear that the jury disregarded the evidence or controlling rules of law." Schimonitz v. Midwest Electric Membership Corp., 182 Neb. 810, 157 N. W. 2d 548.

Defendant also insists that plaintiff's counsel was guilty of making an impermissible argument on rebuttal in that his statements were not properly rebuttal argument. The record fails to disclose the argument of plaintiff's counsel. In its absence, it is impossible for this court to determine what was or was not properly rebuttal argument.

The judgment of the district court is affirmed.

AFFIRMED.