MID-STATES EQUIPMENT COMPANY, A NEBRASKA CORPORA-
TION, APPELLEE, V. ROBERT A. EVANS, APPELLANT.

214 N. W. 2d 496

Filed January 31, 1974. No. 39097.

Gross, Welch, Vinardi, Kauffman & Day, for appellant.

Abrahams, Kaslow & Cassman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is an action for fraud resulting from defendant's sale of a grain elevator construction business to plaintiff. Verdict and judgment were for plaintiff in the District Court. The judgment is affirmed.

Defendant negotiated the sale of all stock in the R. A. Evans Contracting Company to plaintiff for the sum of $48,963 of which amount $28,000 has not been paid. A written sale agreement was entered into on April 18, 1969, to which was attached a financial statement which it was agreed "accurately reflects the true financial condition of the company" as of December 31, 1968, "prepared in conformity with generally accepted accounting

principles." Defendant admits the financial statement was represented to reflect the company's correct financial condition. There is evidence, on the basis of which the jury may well have found that defendant knowingly and deliberately misrepresented the company's financial condition with the intent to deceive plaintiff and induce it to act on it, that plaintiff was deceived, relied on the misrepresentation, and sustained damage as a result. "In testing the sufficiency of the evidence to support a verdict it must be considered in the light most favorable to the successful party, that is, every controverted fact must be resolved in his favor and he should have the benefit of every inference that can reasonably be deduced therefrom." Dahl v. Robinson, 188 Neb. 547, 198 N. W. 2d 207. Defendant's contention that the evidence is not sufficient to sustain a finding of fraud and consequent damage cannot be sustained.

Defendant urges error was committed in the rejection of proffered instructions to the effect that plaintiff could not recover if a person of ordinary prudence would have discovered the falsity of the representation and not relied on it and that plaintiff had a duty to investigate and inquire into the facts. We cannot agree. "A person is justified in relying upon a representation made to him in all cases where the transaction is a positive statement of fact, and where an investigation would be required to discover the truth." Linch v. Carlson, 156 Neb. 308, 56 N. W. 2d 101. See, also, Russo v. Williams, 160 Neb. 564, 71 N. W. 2d 131.

Defendant asserts error in an instruction which permitted a finding of fraud if "the representations were submitted by the defendant without knowledge of the truth or falsity of the same as a positive statement of fact." No authorities are cited. In regard to this element of fraud we have heretofore approved the criterion criticized. See, Campbell v. C & C Motor Co., 146 Neb.

721, 21 N. W. 2d 427; Swanson Petroleum Corp v. Cumberland, 184 Neb. 323, 167 N. W. 2d 391.

Defendant also asserts error in the instruction of the court to the effect that if the jury found in favor of plaintiff then defendant could not recover on his counterclaim. The instruction is, under the circumstances, a logical one. The jury found plaintiff had sustained damage due to fraud. Were defendant to recover on his counterclaim for the balance of the purchase price, it would simply result in an increase in plaintiff's damage in a like sum.

No error is assigned in regard to the instruction on the measure of damage. It appearing that the record is free from error, we affirm the judgment of the District Court.

AFFIRMED.

SMITH, J., not participating.

SPENCER, J., concurring.

Appellant in this action contends that intent is an element of fraud in Nebraska. He relies upon Transportation Equipment Rentals, Inc. v. Mauk (1969), 184 Neb. 309, 167 N. W. 2d 183, the first syllabus point of which reads: "The essential elements required to sustain an action for fraud are, generally speaking, that a representation was made as a statement of fact, which was untrue and unknown to be untrue by the party making it, or else recklessly made; *that it was made with intent to deceive and for the purpose of inducing the other party to act upon it;* and that he did in fact rely on it and was induced thereby to act to his injury or damage." (Italics supplied.)

The statement "that it was made with intent to deceive and for the purpose of inducing the other party to act upon it" crept into that case by inadvertence and had no bearing on the result reached. Our law is otherwise. See, Swanson Petroleum Corp. v. Cumberland (1969), 184 Neb. 323, 167 N. W. 2d 391; Allied Building

Credits, Inc. v. Damicus (1958), 167 Neb. 390, 93 N. W. 2d 210; Campbell v. C & C Motor Co. (1946), 146 Neb. 721, 21 N. W. 2d 427.